[Opinion adopted December 2, 1884.]

---

## REUBEN A. REEVES v. W. D. ROBERTS ET AL.

### (Case No. 1774.)

1. FACT CASE — BOUNDARY.— See this case for facts testified to concerning the natural objects and evidences found on the ground in determining the location of surveys, which render it remarkable.
2. PRACTICE — VERDICT.— When the evidence is ample to authorize a verdict for either party the supreme court will not disturb the judgment.
3. JUDGMENT.— When a judgment disposes of the entire case as to all defendants, but affords specific relief to some of them, in response to their prayers, which was not afforded to others who did not ask it, it presents no cause for reversal.

APPEAL from Van Zandt. Tried below before the Hon. Felix J. McCord.

*Berge & Russell* and *V. T. McChesny*, for appellant, cited: Booth v. Upshur, 26 Tex., 70; Stafford v. King, 30 Tex., 257; Bolton v. Lann, 16 Tex., 96; Hubert v. Bartlett, 9 Tex., 97; Robertson v. Mosson, 26 Tex., 248.

*D. W. Crow*, for appellees.

STAYTON, ASSOCIATE JUSTICE.— This cause was tried without a jury, and the court found that the lands which the defendants claimed in their several answers were not a part of the Welch grant through which the appellant claims title.

If this finding is supported by sufficient evidence to sustain it, properly admitted, then it becomes unnecessary to consider such questions as relate to the titles of the defendants through the grants under which they claim.

There is no controversy as to the point at which the northeast corner of the Welch grant, under the calls of the patent, is to be found; all parties seem to acquiesce in its existence at a certain place.

According to the calls in the patent to the Welch grant, it forms a square, each of its sides being five thousand and ninety-nine varas long, the east and west lines running north and south, and the north and south lines running east and west.

From the northeast corner of the grant the line and the southeast corner are thus determined in the patent: . "Thence south six hundred and seventy-five varas, line tree, post oak, fifteen inches in diameter; five thousand and ninety-nine varas to a post, from which a hickory twelve inches in diameter bears north eighty-seven degrees west sixteen and six-tenths varas, and a post oak eighteen inches in diameter bears north nineteen and one-half west nine and five-tenths varas."

If the eastern line of the Welch grant is to be thus run, then it is clear that the appellant is not entitled to recover the land claimed by the defendants; but it is claimed by the appellant that the line was not originally so run, and that in fact the true southeast corner of the Welch grant, as established by the surveyor who made the original survey, is to be found at a point about seven hundred varas directly east of the point at which it will be found if the eastern line of the grant be run in accordance with the calls in the patent.

The point thus claimed by the appellant as the southeast corner of the Welch grant will be at the northeast corner of a grant made to N. Killough, which in the patent to that grant is described as a corner from which a post oak fifteen inches in diameter bears south forty-five and one-half degrees west one and nine-tenths varas, and a hickory twelve inches in diameter bears north eighty-seven degrees west sixteen and six-tenths varas.

The bearing trees called for in the patent to the Welch grant at its southeast corner are not now found, but a witness who made a survey of the eastern line of that grant, about sixteen years before the trial of the cause, stated that at the time he made the survey

he found the stumps of a post oak and hickory at the place where in accordance with the calls of the patent they ought to be. This same witness testified that about the time he surveyed the east line, being at the spot where the southeast corner of the grant will be found if the survey be made in accordance with the patent, one Tinnen, an old surveyor, told him that he had been at that place twenty years before that time, and recognized it as the southeast corner of the grant, that he had seen the bearing trees and the marks on them often, while they were standing, and that in making surveys in the neighborhood he had made that a beginning point some twenty-five times.

There is a great deal of testimony tending to show that the corner claimed by the defendants has been reputed to be the true southeast corner of the Welch survey by persons living in that vicinity for a great many years, and that this was never controverted until very recently. Such evidence, and the evidence of declarations made by Tinnen in connection with his acts and means of knowledge, reaching back as they did for a period of thirty-six years prior to the trial, in connection with the other evidence in the cause was admissible for the purpose of establishing an ancient boundary. Stroud v. Springfield, 28 Tex., 661.

The Welch survey was made in 1841. In addition to the proof furnished as to the actual existence, at a former time, of the trees called for by the patent at the southeast corner of the survey, at the place where they should be found if the course and distance called for in the patent be run, we have the strong additional fact that the line tree called for in the patent was found on the line, which would, in accordance with the course called for in the patent, lead to the corner claimed by the defendants, and it would not be on a line run from the northeast corner in the course necessary to reach the corner claimed to be the southeast corner of the grant by appellant.

The call for a hickory tree, twelve inches in diameter, bearing north eighty-seven degrees west sixteen and six-tenths varas, is found in the patent to Welch as a bearing tree to his southeast corner, as is just such a tree called for as a bearing tree to the northeast corner of the Killough grant; this tree was not found, but a witness stated that such a tree once stood there, and that there were, at a former time, two post oaks marked and so standing as to answer the calls for such trees in both patents.

The evidence, then, as to the existence of similar bearing trees, at the different places claimed by the respective parties as the true corners, is pretty nearly balanced.

Certain branches are called for in the Welch patent, and in the Killough patent on the line which is claimed to be common to both, but as called for in the respective patents they are not called for at the same distance from the point which is claimed to be the common corner.

Those branches are not found at the distance from the northeast corner of Welch, as claimed by the plaintiff, at which they ought to be found according to the calls in the patent; but they are found to more nearly correspond than do the branches which are found with the calls in the patent if the point claimed by the defendants as the true southeast corner be so considered.

There is, however, some conflict in the testimony of different witnesses as to the true position of branches from the corners claimed by the respective parties, and it is likely true that some witnesses do not regard as "branches" what others so designate.

The bearing trees called for at the southwest corner of the Welch grant are found, and well identified, and to run a line east from the corner thus established, the distance called for in the patent will not be given until the northeast corner of the Killough grant is reached, which is about seven hundred varas east of the point claimed by the defendants as the southeast corner of the Welch grant.

One witness testified that about seventeen years before the trial a part of the east line of the Welch grant as claimed by defendants was found marked. How long the marked line so found had existed he did not know.

Another witness stated that thirteen years before the trial that line was found marked, and that the marks then looked about as old as they do now.

The northwest corner of the Welch grant is the northeast corner of the Pruitt grant, both evidently surveyed at the same time, and the point at which this corner is to be found is not controverted. The witness Perry states that he ran the line between these two grants from that corner, and that he found the line between them to run south eight and one-fourth degrees east. Whether he means that he found an old marked line so established, we cannot tell.

Another witness states that to run the line between the Welch and Pruitt grants, on the course as called for, will probably give to each grant the quantity of land called for, but a line could not be run between the southwest and northwest corners on that course; a different course would have to be run.

We have, under this testimony, a case in which, if the form given to the grant by the patent, and course and distance from the admitted northeast corner to the southeast corner, be regarded, then

the east line must be held to be as the defendants claim it to be; and to strengthen this position, there is uncontroverted evidence that a line tree called for in the patent is found to be on the line claimed by the defendants; that this line has in part been marked for many years, and has been recognized as the true line; that trees such as are called for in the patent as bearing to the southeast corner, formerly stood where the corner is claimed to be by the defendants, and that these trees were marked, and recognized as the bearings about thirty-six years ago, and that from the corner so established many other surveys were made.

On the other hand, we have evidence tending to show that to give proper length to the south line of the grant, measured from its established southwest corner, its southeast corner will be at the northeast corner of the Killough, where once stood marked trees which would correspond in description and place with the bearings called for in the patent, if the Killough corner be the same as the Welch; that the branches called for in the patent will more nearly correspond in position with the corner claimed by plaintiff than with the corner claimed by defendants; and that if the corner be not as claimed by the plaintiff, then the Welch grant does not contain as much land as it calls for, if restricted on the west by a line run from well established corners. There is also evidence tending to show that such timber as is called for at the southeast corner of the grant has not been found for many years at the place claimed to be the corner by the defendants.

All these matters were doubtless well considered by the court below, and we cannot say that his finding is not sustained by the evidence. The credibility of witnesses was no doubt by him duly considered in the light of all the facts before him, and his finding upon the facts cannot be disturbed.

The judgment is a general one in favor of all the defendants, and disposed of the case in so far as all the defendants were concerned; and the fact that it gave specific relief to some of the defendants who were named, in response to the prayers of their answers, while no such relief was given to the defendant Wilson, does not make the judgment any the less final as to all.

The judgment quieting named defendants in their titles to the land in controversy is sufficiently specific; for by the answers of the defendants, claim to certain lands, set out by metes and bounds, was asserted, and the lands so claimed were the lands in controversy.

AFFIRMED.

[Opinion delivered December 2, 1884.]