## No. 2157.

### JOHN T. LILLY v. LEON & H. BLUM.

1. BOUNDARY—GRANT—SURVEY.—When the application of the established rules by which the true location of the boundary of a grant leads to contrary results or confusion, that rule must be adopted which is most consistent with the intention on the face of the grant, read in the light of all the surrounding facts and circumstances.

2. SAME.—The same rules in regard to the lines and corners of other surveys called for in a patent, can not be applied when it clearly appears that no actual survey was ever made; in such cases it becomes necessary to look to all matters of description contained in the patent in order to determine what particular land was conveyed or intended by the State and the grantee to be conveyed by the patent. If, in such case, from a consideration of all these, in connection with the facts surrounding the parties, and the transaction to which the parties looked at the time

the patent issued, the land granted can be with certainty identified, the grant should not be held void; but such matters of description as were evidently given by mistake should be disregarded and effect given to the calls which are certain and are found—which, in connection with other matters of description contained in the grant, will make it conform to the evident intention of the parties. The language used in the patent should be considered with reference to the understanding of the parties at the time it issued.

8. SAME.—When the line or corner of another survey is called for in field notes made without an actual survey on the ground, such lines or corners, if called for by mistake, should be disregarded, when to observe them would be inconsistent with all the other calls, which are found on the ground, inconsistent with the course and distance called for and with the manifest intention of the parties, as ascertained by considering all the calls in the grant, and the facts surrounding the parties and regarded by them when the grant was made.

APPEAL from Wise. Tried below before the Hon. F. E. Piner.

[The record in this case was not accessible when 69 Texas was being reported.—REPORTER.]

Action of trespass to try title instituted by Leon & H. Blum against John T. Lilly et al., for the recovery of two hundred and seventy acres of land, described by metes and bounds. It was admitted that plaintiffs (defendants in error) were the owners of the land included within the Pinchback survey. The point of litigation being as to whether said land was included within said Pinchback survey according to its calls in the patent. That patent called to begin at the southeast corner of the J. R. Davis survey on the north line of Archibald Blounts's survey of nineteen labors, thence east, etc., giving a number of calls until it came around to the northeast corner of J. R. Davis's survey (see map in opinion), thence south one thousand five hundred and sixty-six varas to the place of beginning. The southeast corner of the Davis was not established on the ground. But the northeast corner of the said Davis survey was plainly marked and clearly identified; and a marked line through timber one thousand five hundred and sixty-six varas south from said northeast corner of the J. R. Davis, but it was six hundred and sixteen varas further to the north line of the A. Blount survey, which six hundred and sixteen varas was not marked until by recent survey. There

was no question as to the identity of the J. R. Davis northeast
corner, nor that the line running south from said corner con-
tinued to the north line of the A. Blount was the east boundary
of the J. R. Davis, though the point where said line intersected
with the Blount line was one thousand six hundred varas west
from the northeast corner of the Blount as recognized at the
trial by adjacent owners, instead of two hundred and fifty-one
varas west, as recited in the Davis patent, and mentioned
in the Pinchback patent. Plaintiffs in error did not claim
under the Davis title, nor did they claim any part of the Davis
survey. They did not deny that the line south from the north-
east corner of the J. R. Davis to the Blount line was the east
boundary of the Davis survey, but claimed that the west
boundary of the Pinchback should be confined to a line to be
run from the said northeast corner of the Davis to a point on
the north line of the Blount, two hundred and fifty-one varas
west from the now recognized northeast corner of said Blount
(course about south thirty-seven degrees east), and that the
triangular area between that line and east line of the Davis
was not included in either the Davis or Pinchback surveys.

A jury being waived, the issues of law and of fact were sub-
mitted to the court, who rendered judgment for plaintiffs for
the land.

*D. A. Holman,* for plaintiff in error : In construing the calls
of a grant, the intention of the original surveyor, if ascertained,
must prevail. (Robertson v. Mosson, 26 Texas, 251; 26 Texas,
360; 18 Texas, 163; 26 Texas, 437-39.)

When there is a discrepancy in two calls for the same
corner, one for an unestablished corner, and the other for
course and distance from an established point, the former must
yield to the latter as the most material and controlling call.
(See McCown v. Hill, 26 Texas, 361; Swisher v. Grumbles, 18
Texas, 177; Robertson v. Mosson, 26 Texas, 248; Robinson v.
Doss, 53 Texas, 496; Dalby v. Booth, 16 Texas, 564.)

Course and distances must be disregarded to reach a point
made definite by course and distance from a known corner.
(See Booth v. Strippleman, 26 Texas, 442.)

When a line between one corner established on the ground,
and another corner not established on the ground, but made
definite by course and distance, on a marked line from an es-
tablished corner is partially run, marked and established by

the original surveyor the law will adopt said line as far as so established and close the survey by a line direct from said terminus to the point so called for.    (See Robertson v. Mosson, 26 Texas, 251; 4 Monroe, 29; 7 Monroe, 334; 2 Bibb, 261.)

Course and distance from an established point is a certain description in itself. (See McCown v. Hill, 26 Texas, 361; 1 Dev. and Bat., 76; 4 Mon., 32.)

*L. A. Crane* and *H. D. Donald,* for defendants in error: There is no law fixing the effect of any call found in a grant, or giving one more weight or importance than the other, but have classified and granted them.    (Booth v. Upshur, 26 Texas, 70.)

Established corners and lines of surveys actually traced upon the ground, when found to correspond with the calls in the deeds, must control a call for an object or a point which was uncertain and unknown. (Bass v. Mitchell, 22 Texas, 294.)

Where natural objects, monuments or marked lines are not called for in the deed, or are of doubtful identity, calls for course and distance may then be resorted to, as furnishing the best evidence of which the case is susceptible. A call for a line not marked will not control course and distance. (Browning v. Atkinson, 37 Texas, 659, 660, and cases there cited; Boone v. Hunter, 62 Texas, 589.)

ACKER, JUDGE. The only question involved in this case is whether the land sued for by defendants in error is a part of the James Pinchback survey, which, it is admitted, is owned by them.

The Pinchback is an office survey, made by virtue of a one-third league certificate, and its boundaries are fixed in the field notes by lines of surrounding surveys.

At the time the certificate was located, and at the time of the trial, the official maps of Wise county in use at the general land office and at the county surveyor's office showed the relative positions of the surrounding surveys to be as called for in the field notes of the Pinchback survey, and as indicated on the following sketch:

It appears that Hale, the surveyor who located the Stewart and Saunders certificates and made the original surveys thereunder, marked and established the boundaries of these grants, but began the surveys for the east boundaries too far west, which mistake located these surveys about one thousand three hundred and fifty varas further west than they were intended to be, and they were thereby made to conflict with much of the Price survey. This, it appears, was not discovered until a short time before the trial of this case. As a result of this error of the surveyor, it is now found that the northeast corner of the Davis survey, instead of being due north of a point two hundred and fifty-one varas west of the Blount northeast corner is, in fact, north of a point on the Blount north line about one thousand six hundred varas west of the Blount northeast corner.

Plaintiffs in error insist, that as the Pinchback survey calls to begin at the southeast corner of the Davis survey, thence east two hundred and fifty-one varas past the Blount northeast corner and around to the Davis northeast corner, thence to the place of beginning on the Blount north line, the closing line of the survey should be run from the Davis northeast corner direct to a point on the Blount north line two hundred and fifty-one varas west from the northeast corner of the Blount without regard to course or distance given in the last or closing call of the Pinchback field notes. If this line is so run it is evident that the land in controversy will not be included within the boundaries of the Pinchback survey.

Defendants in error contend that course should be followed in the last call in the Pinchback field notes from the established and identified northeast corner of the Davis survey to the well marked and identified north line of the Blount survey, which will fix the beginning corner of the Pinchback at the true southeast corner of the Davis about one thousand three hundred and fifty varas further west on the north line of the Blount than is indicated by the first call in the Pinchback field notes. If this line is so run the land in controversy will be clearly within the boundaries of the Pinchback survey.

The court below found that the land is a part of the Pinchback survey, and it devolves upon us to determines whether this finding is erroneous. It is conclusively shown that the east and south corners of the Royallis, the southeast corner of the Stewart, the southeast corner of the Saunders, the north-

east corner of the Davis and the southeast corner of the Price surveys, are all found upon the ground established and identified by the respective field notes, and that the northeast corner of the Blount, while not clearly identified, is recognized as established on the well marked north line of the Blount at, approximately, the proper distance from the Blount northwest corner.

It appears that the surveyor who located the Pinchback certificate intended to include within its boundaries the land in controversy, and that it and the Davis should be contiguous. The owners of the Pinchback and Davis surveys recognized the line running south from the Davis northeast corner to the north line of the Blount as the boundary line between them.

It does not clearly appear by what right plaintiffs in error claim the land, but it does appear that they do not claim it under either the Davis or the Pinchback grant. From evidence adduced by them on the trial it appears, inferentially at least, that they claim the land as vacant and unappropriated public domain.

We do not think it necessary to here recite the general rules adopted by the courts to govern in determining the location of grants, and define the distinctions between calls for natural objects, artificial objects and course and distance, for, after all that has been said upon this subject, as said in Stafford v. King, 30 Texas. "The true and correct location of the land is ascertained by the application of all or any of these rules to the particular case. And when they lead to contrary results or confusion, that rule must be adopted which is most consistent with the intention upon the face of the patent, read in the light of the surrounding facts and circumstances."

It is generally considered that distance is more unreliable than course, and there is also a distinction made between calls that are descriptive or directory, and special locative calls. "The former, though consisting of rivers, lakes and creeks, must yield to special locative calls, for the reason that the latter, consisting of the particular objects upon the lines or corners of the land, are intended to indicate the precise boundaries." (Stafford v. King, 30 Texas, 273.)

But, it is said by this court in Boon v. Hunter, 62 Texas, 588: "It is, however, not believed that the same rules in regard to the lines and corners of other surveys called for in a patent can be applied when it clearly appears that no actual survey

'was ever made, and in such cases it becomes necessary to look to all matters of description contained in the patent, in order to determine what particular land was conveyed and intended by the State and the grantee to be conveyed by the patent. If, in such case, from a consideration of all these, in connection with the facts surrounding the parties, and the transactions to which the parties looked at the time the patent issued, the thing granted can be with certainty identified, the grant ought not be held void; but such matters of description as were evidently given by mistake should be disregarded, and effect given to the calls which are certain and are found, which, in connection with other matters of description contained in the grant, will make it conform to the evident intention of the parties.

"The language used in the patent must be considered with reference to the understanding of the parties at the time it issued, as to the true locality of the several surveys mentioned in it, if this understanding can be clearly arrived at; for otherwise we do not arrive at the real intention of either the grantor or grantee, which in cases of this kind, is the real and impor tant question.

"When the line or corner of another survey is called for in field notes made without an actual survey, such lines or corners, if evidently called for by mistake, may be disregarded, when to observe them would be inconsistent with all the other calls which upon the ground are found inconsistent with the course and distance called for and with the manifest intention of the parties, to be arrived at by a consideration of all the calls in the grant and the facts which surrounded the parties and to which they looked at the time the grant was made."

Applying the general rules as construed in Stafford v. King, and the principles as decided in Boon v. Hunter, to the facts of this case, we conclude that the court below did not err in finding that the land in controversy is included within the boundaries of the Pinchback survey.

The calls in the field notes of both the Pinchback and Davis surveys for the point on the north line of the Blount two hundred and fifty-one varas west from the Blount northeast corner are descriptive and not locative calls. The Davis calls to run from its northeast corner south to the Blount north line, which is well marked and defined, and indicates the point two hundred and fifty-one varas west of the Blount northeast corner

at the point of intersection with the Blount line, is descriptive merely. It clearly appears that the surveyor who located both the Pinchback and Davis surveys intended the east line of the Davis and the west line of the Pinchback to run from the Davis northeast corner to the Blount north line, and was mistaken in fixing the point of intersection at two hundred and fifty-one varas west from Blount's northeast corner.

It appears that the official maps of Wise county show the northeast corner of the Davis to be due north of the point two hundred and fifty-one varas west of what is now recognized as the northeast corner of the Blount. The office survey of the Pinchback was evidently made from these maps, and the surveyor and grantee had the right to look to these maps to determine the relative positions of the surrounding surveys at the time the Pinchback location was made. (62 Texas, 589.) It is well settled that the beginning call or corner in a grant is of no higher dignity or greater weight than any other. The Pinchback grant calls to begin at the Davis southeast corner, thence east at two hundred and fifty-one varas pass Blount's northeast corner. In the field notes that follow, four well established and identified corners are called for, the last being the Davis northeast corner, from which point to the point of beginning the call corresponds with the call in the Davis field notes for the line between its northeast and southeast corners. The Davis southeast corner being well established by course, following a marked line for about three-fourths of the distance from its northeast corner to the well marked and identified north line of the Blount survey, the true beginning point of the Pinchback survey must be at the same place, and the call in the Pinchback field notes to pass the northeast corner of the Blount at two hundred and fifty-one varas from its southwest and beginning corner, must be treated as a descriptive and not a locative call.

We think other errors assigned are immaterial, and it is our opinion that the judgment of the district court should be affirmed.

                                                              *Affirmed.*

Opinion adopted December 16, 1887.