BLUM v. BOWMAN et al.

(Circuit Court of Appeals, Fifth Circuit.   December 31, 1894.)

No. 326.

DEEDS—DESCRIPTION.

> In an action of ejectment the question at issue between the parties depended upon the location of a line described in a grant by courses and

distances from a fixed point, such courses and distances following in part the lines of a survey some of the bounds of which were fixed by monuments. There was a conflict in evidence as to whether one of the calls of 'such survey, by which the boundaries of the land in controversy were fixed, was erroneous, and should have been changed so as to locate a corner at a different point; the defendant alleging that it was erroneous, and the plaintiff claiming title according to the actual reading of his grant, and of the survey by which its bounds were, in part, fixed. The court charged the jury that they should first determine the location of this corner, and from it determine the boundary of the land in question; but, if they could not, with reasonable certainty, determine the location of such corner, then they should fall back on another corner, as to which there was no dispute, and from it determine the boundaries of the land in question by following the calls of the grant. *Held* error; that the jury should have been so instructed as to leave them free to locate the disputed line from any of its admitted corners, by the calls of the grant in question, unless satisfied that the defendant had sustained the burden of showing a discrepancy in the particular claimed by him.

In Error to the Circuit Court of the United States for the Northern District of Texas.

This was an action by Hyman Blum against W. M. Bowman and others to recover certain lands in Cherokee county, Tex. On the trial in the circuit court a verdict was rendered for the defendants. Plaintiff brings error.

W. W. Leake and Henry Sayles, for plaintiff in error.
A. K. Swan, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

McCORMICK, Circuit Judge. The issue in this case is the location of the east boundary line of a grant made by the state of Texas to Cherokee county, known as the "Cherokee County School Land." The proof shows that in 1853 a number of surveys were located on the Wichita in the name of John A. Scott, covering the course of that stream for a number of miles, and touching each other. These surveys were at least partially made on the ground, and the corners on or near the stream, where bearing trees could be had, were designated by marked trees. In 1855 the surveyor who had made the Scott surveys platted in by projections, without any work then done on the ground, the location of the Cherokee county school land, the calls of which location, as returned by the surveyor to the land office and as set out in the patent which issued thereon, began at the southwest corner of Scott's survey No. 8, which is a well-established, undisputed point on the ground. The calls proceed east 1,505 varas; thence north 2,400 varas; thence east 1,100 varas; thence north 1,200 varas; thence east 1,900 varas; thence north 1,900 varas; thence east 520 varas; thence north 1,086 varas; thence east 1,900 varas; thence north 1,900 varas, calling here for the northeast corner of Scott's survey No. 13; thence east 6,625 varas to a corner; thence south 9,886 varas to a corner; thence west 13,557 varas to a corner; thence 1,400 varas to the beginning point. The first six of these calls are coincident with lines and corners of Scott's surveys Nos. 8, 9, and 10, and the closing call traces the

east boundary line of Scott's survey No. 7. These lines and corners of the Scott surveys Nos. 7, 8, 9, and 10 are well established on the ground, and are undisputed. It seems to be established by the proof, and substantially conceded, that to construct the Cherokee county school land survey from its undisputed beginning corner, or from any of the undisputed corners running with the calls for course and distance, or reversing them, would locate the east boundary line of that survey where the plaintiff claims it is, and entitle him to recover. The survey, thus constructed, would embrace the number of acres called for in the grant, and the full measure of land authorized by law to be located for Cherokee county for school purposes. The defendants contend that the seventh call, for 520 varas, was erroneous, and should have been for 1,537 varas, in order that the succeeding eighth, ninth, and tenth calls should reach and terminate at a point coincident with the northeast corner of Scott's survey No. 13. It is admitted that this is an open prairie corner, wholly unmarked by natural or artificial objects. The defendants introduced evidence tending to show that at the northwest corner of Scott's survey No. 13 there was a marked bearing tree, and that the field notes in Scott's survey No. 13 showed that its north line ran east 1,900 varas to a point for corner, and they claimed that the true northeast corner of this survey was 1,900 varas east from its northwest corner as fixed by the marked bearing tree mentioned in their evidence. The plaintiff offered evidence tending to show that 1,017.7 varas west from the bearing tree claimed by defendants as witnessing the northwest corner of this survey there was a marked tree to witness its northwest corner, which plaintiff contends is supported by the calls for course and distance in the east and north lines of Scott's survey No. 11 and the east and north calls of Scott's surveys Nos. 12 and 13. The defendants offered the field notes of Scott's surveys Nos. 12, 15, and 16, and oral testimony in connection with the calls in the field notes of these different adjoining or neighboring surveys. In this state of the proof the circuit court charged the jury as follows:

"The material question in the case is, where are the northeast and northwest corners of survey No. 13, in the name of John A. Scott? When you have located the northeast corner of said survey No. 13, then you will locate the northwest corner of Cherokee county school land at the same place. Plaintiff claims that the northwest corner of said survey No. 13 is 1,017.7 varas further west than defendant claims it to be. Each designate by the evidence a tree as the northwestern corner of said Scott survey No. 13. Plaintiff invokes the field notes of Nos. 10, 11, 12, and 13 of John A. Scott surveys in aid of their construction, as also to show where the true location of said survey 13 is, as also certain marks which they claim are old line marks, pointing out the corner claimed by them as the true northwestern corner of said survey No. 13. If the location of said survey No. 13 in the name of said Scott is as claimed by plaintiff, then you will find for plaintiff the land claimed by them. If, on the contrary, the location of said survey No. 13 is located on the ground as claimed by defendants, then you will find for defendants the land in controversy claimed by them. If, under the foregoing instructions, you cannot with reasonable certainty establish the northwest corner of survey No. 13 in the name of Scott, as claimed by either plaintiff or defendant, then you may fall back on this southwest corner of survey No. 8 in the name of John A. Scott. This corner there is no dispute about. Should you find yourself forced back on said corner as the only one established by the evidence, then you may con-

struct the Cherokee county school lands from this corner, and in doing so may reverse the calls. You may, in such case, go backward or forward on the footsteps of the surveyor, or upon the calls, if there was no actual survey of the Cherokee county school lands. If you construct the Cherokee county school lands from said last-named corner, then you will determine whether said Cherokee county school lands include those claimed by plaintiff. If so, you will find for defendants. If said Cherokee county school lands do not include the lands claimed by plaintiff, then you will find for plaintiff such of the lands claimed by plaintiff as are not embraced by said Cherokee county school lands."

There was error in this charge, in that it gives undue dignity to the call for the northeast corner of Scott's survey No. 13. The familiar classification and gradation of calls in original grants of land by which their relative importance and weight are to be determined have been announced, construed, and applied in very many cases which have been decided by the supreme court of Texas, and have become so far elementary as to excuse, if not forbid, repetition here. Hubert v. Bartlett's Heirs, 9 Tex. 97; Booth v. Upshur, 26 Tex. 64; McCown v. Hill, Id. 359; Booth v. Strippleman, Id. 436; Phillips v. Ayres, 45 Tex. 602; Fordtran v. Ellis, 58 Tex. 245; Woods v. Robinson, Id. 655; Davis v. Smith, 61 Tex. 18; Boon v. Hunter, 62 Tex. 582; Gerold v. Freeman, 68 Tex. 201, 4 S. W. 256; Lilly v. Blum, 70 Tex. 704, 6 S. W. 279; Stafford v. King, 30 Tex. 257; Luckett v. Scruggs, 73 Tex. 519, 11 S. W. 529; Randall v. Gill, 77 Tex. 351, 14 S. W. 134; Reast v. Donald, 84 Tex. 648, 19 S. W. 795. As was said in Booth v. Upshur, supra:

"There is no law fixing the effect of any call found in a grant, or giving one more weight or importance than another. Therefore, by merely looking at the face of the grant, which has several calls, the controlling call cannot be determined. * * * The lowest grade * * * is made to prevail over the highest grade * * * when, applying the calls of the grant to the land, the surrounding and connected circumstances * * * show that course or distance is the most certain and reliable evidence of the true locality of the grant."

In the case we are considering the plaintiff's land is bounded on the west by the east boundary line of the grant to Cherokee county. There is no discrepancy apparent on the face of the calls of that grant. The defendants claim that the true location of Scott surveys Nos. 11 and 13 show a discrepancy in the calls of the Cherokee grant. The burden of proof to establish this discrepancy rests on the defendants who set it up. The question is one of fact for the jury, and should be so submitted that the jury would be free to construct the Cherokee county survey from any of its admitted corners by its own calls, unless the evidence, in their judgment, establishes the northeast corner of Scott survey No. 13 at the point claimed by the defendants. If, on consideration of the whole of the evidence given them, the jury are not satisfied that the point claimed by the defendants to be the northeast corner of Scott's survey No. 13 is the correct location of that corner, they should disregard the call for that corner, and construct the Cherokee county grant by its own calls from any of its established and admitted corners. The judgment of the circuit court is reversed, and the case is remanded to that court, with direction to it to award the plaintiff a new trial.