## SOUTHWESTERN TELEGRAPH AND TELEPHONE COMPANY v. E. T. WHITEMAN.

### Decided May 21, 1904.

**1.—Telegraph Company—Damages from Erection of Pole—Evidence.**

In an action for damages to land from the erection of a telegraph pole thereon, wherein the evidence showed that the pole had been removed at the time of trial, it was error for the court to admit evidence as to what would have been the depreciation in the value of the land had the pole remained.

**2.—Same—Lost Time as Element of Damage.**

The value of time lost by plaintiff in trying to get the telegraph company to remove the pole was, as an element of damage, too remote and speculative, and such damage was not the natural and proximate result of the trespass in placing the pole on the land.

**3.—Same—Damage from Wires.**

As no injury resulted from the wires that were strung on the pole, and they were removed without damage, the court should have instructed the jury that plaintiff could not recover on the allegations that the wires were strung so close to plaintiff's house that they were dangerous to the life and security of the occupants.

**4.—Same—Measure of Damages.**

Measure of damages stated in a case where a telegraph pole was placed on plaintiff's land and afterwards removed, but the hole in which it stood was not filled up.

Appeal from the County Court of Dallas. Tried below before Hon. Ed. S. Lauderdale.

*McLaurin & Wozencraft* and *W. S. Bramlitt,* for appellant.

*Lewelling & Lewelling,* for appellee.

RAINEY, CHIEF JUSTICE.—E. T. Whiteman, appellee, sued the appellant to recover damages for trespassing upon plaintiff's premises. Plaintiff alleged in effect that appellant, without permission, entered his private yard, erected a telephone pole and strung wires thereon, which were dangerous to the life, limb and security of anyone who should occupy said house, by reason of the close proximity thereto. That said premises would be subject to constant invasions for the purpose of mending and repairing said wires, subject him to annoyance, inconvenience, etc., and the placing and wiring of said pole has materially decreased the value of said property, and he prays for $600 actual and $400 exemplary damages. Before the trial plaintiff amended, alleging that said pole had been removed from his premises by appellant; that a large hole had been left where said pole stood and the ground torn up considerably; that he had to employ lawyers to institute suit, and that he had lost time, which he placed at $5.20 per day, in trying to get appellant to remove said pole. Appellant plead the general issue. Judgment was rendered for appellee.

In answer to the following question, "What would have been the depreciation in the value of the land in the condition it was at the time that the pole was placed there if the pole had been left there?" asked

by plaintiff's counsel, the witness said, "I should think it would have been about $500." And to the question, "What would have been the depreciation in the value, the decrease in the value of the land, if the pole was there now?" the witness answered, "All the way from $300 to $700." This testimony was admitted over the defendant's objections. The pole had been removed at the time of trial, and the testimony was improper.

We think the court also erred in submitting lost time as a measure of damages. Under the evidence the loss of time in trying to get appellant to remove the pole is too remote and speculative. It is not the natural and probable result from the trespass.

No injury resulted from the wires that were strung on the pole, and the same being removed without damage, the court should have instructed the jury as requested by appellant, in effect, that plaintiff could not recover on the allegation that the wires were strung so close to plaintiff's house that they were dangerous to life, limb and security of anyone who should occupy said house.

The evidence failed to show that plaintiff was entitled to exemplary damages, and the court properly so charged the jury.

The plaintiff, not being entitled to exemplary damages, should have recovered only such compensation as was the natural and proximate loss caused by such trespass. The defendant placed the pole there not knowing it was private property. The property was not occupied, and no one was injured by the wires. The pole was placed in the corner of the lot at the intersection of two streets, and when the pole was removed the hole was filled up, but the dirt had settled, which left a depression. The hole was not a permanent injury to the land, and the plaintiff was entitled to what it would cost to fill it up and make the grass grow where it had been disturbed, and also to a nominal sum for the time the pole and wire remained on the premises. The sum recovered, $135, was in excess of the damages sustained as shown by the evidence.

For the errors pointed out the judgment is reversed and cause remanded.

*Reversed and remanded.*