KELLY et al. v. KELLY. (No. 6954.)

(Court of Civil Appeals of Texas. Galveston. June 8, 1915.)

1. INFANTS ☞113—JUDGMENT AGAINST INFANTS—VALIDITY.

Where infants sued as adults were served with process and the proceedings of the trial did not disclose that they were infants, a judgment against them was voidable only.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 321; Dec. Dig. ☞113.]

2. INFANTS ☞115—JUDGMENTS—REVIEW.

Where error in rendering judgment against a minor, for whom there was no guardian or guardian ad litem, appears on the face of the record, the error may be taken advantage of by appeal or writ of error.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 305, 326–332; Dec. Dig. ☞115.]

3. INFANTS ☞110—JUDGMENTS—REVIEW.

Where error in rendering judgment against a minor not represented by a guardian does not appear on the face of the record, it can be avail-

ed of only by a proceeding to set aside the judgment in the court rendering it.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 314; Dec. Dig. &#x21DD;110.]

4. PUBLIC LANDS &#x21DD;172—SURVEYS—VACANCY SUBJECT TO RESALE.

Where the limits of a survey of public lands can be certainly known by its own description, any excess in acreage embraced within its limits, unless considerable, is not a vacancy subject to resale.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 523–543; Dec. Dig. &#x21DD;172.]

5. PUBLIC LANDS &#x21DD;172—SURVEYS—VACANCY SUBJECT TO RESALE.

The limits of a senior patent were actually established by a surveyor, who established and fixed a corner at two pine trees remaining on the ground. By so establishing the corner, there would be included within the survey about four acres more than was intended to be included in a sale of 320 acres. *Held*, that the excess did not invalidate the senior patentee's ·title to the excess, and a junior survey could not encroach thereon.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 523–543; Dec. Dig. &#x21DD;172.]

6. BOUNDARIES &#x21DD;3—CALLS FOR COURSE AND DISTANCE—CALLS FOR NATURAL OBJECTS.

A location call for rivers, creeks, trees, and other natural objects ordinarily controls a call for course and distance.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 3–41; Dec. Dig. &#x21DD;3.]

7. PUBLIC LANDS &#x21DD;178—SENIOR AND JUNIOR PATENTEES—STIPULATIONS—ESTOPPEL.

A stipulation between senior and junior patentees holding under patents which conflict, which asks the Commissioner of the General Land Office to grant patents according to field notes on file in his office as attached sketch shows the position of each tract, does not estop the senior patentee from claiming the land within his patent, issued by the Governor.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 579–582; Dec. Dig. &#x21DD;178.]

Error from District Court, Jasper County; A. E. Davis, Judge.

Action by L. L. Kelly against Alfred Kelly and others. There was a judgment for plaintiff, and defendants bring error. Affirmed.

Powell & Huffman, of Jasper, for plaintiffs in error. Garland Smith, of Jasper, for defendant in error.

LANE, J. L. L. Kelly, plaintiff in the court below, brought this suit against Alfred Kelly, Lonie Kelly, Susie Kelly, Bennie Kelly, and Flonie Kelly in the ordinary form of trespass to try title to recover the title to 320 acres of land, a part of section 124, Houston & Texas Central Railway Company survey, situated in Jasper county. The defendants answered: First, by plea of not guilty; second, that they are the legal owners of so much of the land sued for by the plaintiff as is embraced in the field notes of an 80-acre survey patented to S. L. Kelly, which is described in their said answer; third, by disclaiming any right, title, or interest in the land sued for, except so much thereof as may be embraced within the

boundaries of the 80-acre survey made for S. L. Kelly; fourth, by plea of limitation of three years; and, fifth, that on the 16th day of September, 1908, plaintiff, and all other persons for whom any portion of said section 124 had been surveyed, executed a written agreement to the effect that each signer should only take so much of said section as was described in the field notes then of record in the General Land Office, and that patents should be granted accordingly, which said agreement was filed in the General Land Office of Texas on the 17th day of September, 1908, and that by said agreement plaintiff is estopped from claiming more land of said section than is set out by the field notes made for him which were of record in said land office. The case was tried before a jury, which, upon instruction from the court, returned the following verdict: "In accordance with the court's instruction, we, the jury, find for the plaintiff L. L. Kelly." Judgment was entered in accordance with the verdict of the jury.

The first assignment of error in the brief of plaintiffs in error is that the court erred in rendering judgment against Bennie Kelly, Susie Kelly, and Flonie Kelly, because they were sued as persons sui juris, when in fact they were minors without guardians, and had no guardian ad litem appointed to represent them in the trial of the cause, by the trial judge after it became known from the testimony that they were such minors.

[1-3] This suit was brought by plaintiff against Alfred Kelly, Lonie Kelly, Bennie Kelly, Susie Kelly, and Flonie Kelly as persons sui juris. The pleadings of neither party mention the fact, if a fact, that any of the defendants were minors, but both treat them as adults. The only thing occurring in the trial of the cause appearing from the record which is claimed to in anyway refer to the fact that defendants Bennie, Susie, and Flonie Kelly were minors, is to be found in the testimony of plaintiff L. L. Kelly, as follows: "There was a conflict between me and Alfred and the minor children of Sam and Sam's widow." There is nothing in the other portion of the testimony of this witness or in the testimony of any other witness which leads to the conclusion that, in the use of the words "there was a conflict between me and Alfred and the minor children of Sam and Sam's widow," plaintiff was referring to defendants Bennie, Susie, and Flonie Kelly as being the minor children of Sam and Sam's widow. At least, it will hardly be contended that such testimony was such proof as would sustain a finding that said defendants were minors at the time of the trial of this case. But, if it now be conceded that Bennie, Susie, and Flonie Kelly were minors, the judgment rendered against them is not void, but only voidable. These parties were sued as parties sui juris. They were properly served with process, and nei-

ther pleaded nor proved that they were minors. The record of the entire proceedings of the trial fail to disclose that they were in fact minors, and this fact seems not to have been presented to the trial court. Alfred and Lonie Kelly for themselves and as next friends for the other defendants on the 1st day of July, 1914, more than six months after the rendition of the judgment in the case, filed their petition for a writ of error to bring this cause before this court. Bennie, Susie, and Flonie Kelly were never mentioned as minors until this petition was filed. Where a minor has been served with process, as in this case, a judgment rendered against him is voidable but not void. When the error appears, says Judge Gaines in the case of Wallis, Landes & Co. v. Stuart, 92 Tex. 568, 50 S. W. 567, upon the face of the record, that the defendant was a minor, advantage may be taken of it by an appeal or writ of error in the nature of an appeal; but, if it does not so appear, it can be availed of only by a proceeding to set aside the judgment in the court in which such judgment was rendered. See Taylor v. Rowland, 26 Tex. 293; Wallis, Landes & Co. v. Stuart, 92 Tex. 568, 50 S. W. 567; Butner v. Norwood (Civ. App.) 81 S. W. 78.

As the error complained of does not appear upon the face of the record of the proceedings of the trial of this case, we would not be warranted in reversing the judgment of the lower court upon the error assigned, and we therefore overrule the assignment.

While plaintiff in error presents his second and third assignments, they present but one complaint, and that is that the evidence did not warrant the court in instructing a verdict for plaintiff L. L. Kelly. We shall therefore consider and dispose of them as one assignment.

On the 23d day of September, 1908, Gov. T. M. Campbell issued a patent to L. L. Kelly (appellee) for 320 acres of land described as follows:

"S. ½ of section No. 124, H. & T. C. Ry. Co. certif. No. 25/1223, in Jasper county. Beginning at the S. E. corner of section No. 124, the same being the S. E. cor. of this sur. Thence N. 950 vs. 2nd. cor. fr. which a pine brs. S. 5 W. 8 9/10 vrs. Do. brs. S. 46 W. 4 vrs. Thence W. 1900 vs. 3d. cor. a pine brs. S. 18 W. 24 vs. Do. brs. S. 16 E. 22 vrs. Thence S. 950 vs. 4th cor. in the S. B. line of section No. 124, fr. wn. a pine brs. S. 3 E. 11 vs. Do. brs. S. 72 deg. 30' 12 vs. do. brs. S. 42 E. 12 vs. Thence E. with the S. E. line of section No. 124, 1900 vs. to the place of beginning."

On the 18th day of November, 1909, more than a year after the patent was issued to L. L. Kelly, Gov. Campbell by patent conveyed to S. L. Kelly, through and under whom defendants in error claim 80 acres, a part of said section 124, Houston & Texas Central Railway Company certificate No. 25/1223, which was so described as to include within its limits about four acres of the land theretofore patented to L. L. Kelly, and it is this conflict in these two surveys that brought about this suit.

The undisputed facts show that L. L. Kelly had the tract of land which was patented to him on September 23, 1908, surveyed by the county surveyor of Jasper county on the 16th day of August, 1907, and had the same duly recorded. Some time thereafter S. L. Kelly and others, desiring to purchase the remainder of said section 124 in tracts of 80 acres, had their several tracts surveyed. After said surveys were made, the conflict above mentioned was discovered, and thereafter on the 17th day of September, 1908, L. L. Kelly (appellee), S. L. Kelly, W. T. Davis, Joe Davis, and S. Davis executed the following instrument:

"Kirbyville, Texas, September 16, 1908.

"To the Commissioner of the General Land Office, Austin, Texas: Know ye, that we, owners, the undersigned ask that you grant patents according to field notes that is on file in that office, on section No. 124, H. & T. C. Ry. Co. in Jasper Co., Texas, attached sketch shows position of each tract.

"Respectfully yours,    W. B. Bean.
                        "L. L. Kelly.
                        "S. L. Kelly.
                        "W. T. Davis.
                        "Joe Davis.
                        "S. Davis."

[4, 5] As before stated, Gov. Campbell, by patent of date September 23, 1908, conveyed to L. L. Kelly the land for which he sues. The undisputed evidence shows that the land in controversy is embraced within the boundaries of the land conveyed to L. L. Kelly by beginning at the southeast corner of said section No. 124 and then running west to the two trees called for in his patent, which are still standing and identified; but if we begin at said southeast corner and run west 1,900 varas, course and distance called for in his patent, and stop at that point, the land in controversy will not be included within the boundaries of L. L. Kelly's tract, but will be included within the boundaries of the 80-acre tract conveyed to S. L. Kelly, through whom plaintiffs in error claim.

It is strenuously contended by plaintiffs in error that, as it is shown that by running the course and distance only, called for by the patent to L. L. Kelly, he would get 320 acres called for by his conveyance, and that in such event plaintiffs in error would get the 80 acres called for by the conveyance to S. L. Kelly, but that, if the line of L. L. Kelly is to run to the trees called for and identified in his patent as his corner, he will get about four acres more than 320 acres called for in his patent, and that plaintiffs in error will get a correspondingly less acreage than called for by the patent to S. L. Kelly, and that therefore equity demands that each party be given the number of acres called for by their respective patents.

We cannot sustain the contention of plaintiffs in error. Where the limits of a survey can be certainly known by its own description, any excess in acreage embraced within its limits, unless considerable, will not constitute a vacancy subject to resale. Booker

v. Hart, 77 Tex. 146, 12 S. W. 16; Freeman v. Mahoney, 57 Tex. 622; Reeves v. Roberts, 62 Tex. 550; Fagan v. Stoner, 67 Tex. 286, 3 S. W. 44; Lilly v. Blum, 70 Tex. 704, 6 S. W. 279.

[6] We know where the lines of the L. L. Kelly tract were actually established by the surveyor; in fact, there is no dispute but that his northwest corner, which is the bone of contention, was established and fixed by the surveyor at two pine trees still found upon the ground. We know that, by so establishing his northwest corner and in consequence of his west line, said line would ·be some 20 varas further west than the distance called for would place it, and that there would be included within his survey about four acres more than was intended to be so included, but this excess could not invalidate his title to said excess so as to authorize a junior survey to encroach thereon. The general rule that a location call for rivers, creeks, trees, and other natural objects will ordinarily control a call for course and distance is too well settled in this state to require citation of authorities in its support.

[7] Plaintiffs in error also insist that defendant in error is estopped to claim the land in controversy by reason of the agreement set out herein. We see nothing in said agreement that should have such effect.

From what has been said, we think it clear that no judgment other than the one rendered would have been warranted from, or supported by, the evidence; and it therefore follows that the court did not err in refusing the motion of plaintiffs in error for an instructed verdict for plaintiffs in error, and in rendering judgment for defendant in error. Therefore the judgment of the trial court is affirmed.

Affirmed.