**C. T. NELSON et ux. et al., Appellants,**

**v.**

**STATE of Texas, Appellee.**

No. 10648.

Court of Civil Appeals of Texas.

Austin.

April 15, 1959.

First Motion for Rehearing Overruled May 20, 1959.

Second Motion for Rehearing Overruled June 10, 1959.

Frank L. Scofield, J. Hubert Lee, Austin, for appellants.

Will Wilson, Atty. Gen., H. Grady Chandler, Joseph G. Rollins, Asst. Attys. Gen., for appellee.

GRAY, Justice.

This is a condemnation proceeding brought by the State against appellants to condemn land for highway purposes.

A statement for condemnation was filed with the county judge and commissioners were appointed. This statement described the land as being in Travis County and by metes and bounds as follows:

"Beginning at a point in the south property line, said point being on the centerline of U. S. Highway 81 (Interstate) at Engineer's Station 14 plus 24.3 as located by the Texas Highway Department, and also being in the north right of way line of an abandoned county road;

"Thence North 60° 54′ West 96.5 feet along said north right of way line to a point, said point being the southwest property corner, and also being in the east right of way line of the existing U. S. Highway 81;

"Thence North 12° 05′ West 1,340.8 feet along said east right of way line crossing the centerline of U. S. Highway 81 (Interstate) at Engineer's station 1 plus 74.5 to a point, said point being the northwest property corner, and also being the south right of way line of a county road;

"Thence North 76° 07′ East 200.9 feet along said south right of way line to a point, said point being South 76° 07′ West 1,250 feet from the northeast property corner;

"Thence South 11° 50′ East 978.2 feet to a point;

"Thence South 15° 21′ East 571.5 feet parallel to and 150.0 feet from the centerline of U. S. Highway 81 (Interstate) to a point, said point being in the north right of way line of an abandoned county road;

"Thence North 60° 54′ West 210.1 feet along said north right of way line to the point of beginning and containing 6.706 acres of land, more or less."

The above described land was only a portion of the tract owned by appellants.

The Commissioners made their award, appellants filed objections and a jury trial followed. The trial began June 24, 1958 and on June 26 the State filed "its trial amendment to its original statement or petition in condemnation." In this amendment the land was described as follows:

"Beginning at a point in the south property line, said point being on the centerline of U. S. Highway 81 (Interstate) at Engineer's Station 14 plus 83.4 as located by the Texas Highway Department, and also being the centerline of an abandoned county road;

"Thence, N. 60° 54′ W., 99.5 feet along said south property line to a point, said point being the southwest property corner, and also being in the east right of way line of the existing U. S. Highway 81;

"Thence, N. 12° 05′ W., 1,397.5 feet, along said east right of way line crossing the centerline of U. S. Highway 81 (Interstate) at Engineer's Station 1 plus 74.5 to a point, said point being the northwest property corner, and also being in the south right of way line of a county road;

"Thence, N. 76° 07′ E. 200.9 feet along said south right of way line to a point;

"Thence, S. 11° 50′ E. 978.2 feet to a point;

"Thence, S. 15° 21′ E., 630.6 feet parallel to and 150.0 feet from the centerline of U. S. Highway 81 (Interstate) to a point, said point being in the south property line;

"Thence, N. 60° 54′ W., 245.1 feet along said south property line to the point of beginning, and containing 7.00 acres of land, more or less."

The above amendment followed a stipulation of the parties that the description of the land might be amended to include appellants' interest in the abandoned road.

The jury found that: the market value of the land taken was $1,820; the market value of appellants' land, exclusive of the strip taken, immediately before the taking was $25,256, and immediately after the taking the market value of the remainder of the tract was $41,160.

Judgment on the jury's verdict was entered and the State was awarded the land described in the amendment.

Appellants say that the trial court was without jurisdiction to enter the above judgment because "the land being taken lay in both Travis and Williamson County, and comprised a portion of the homestead of Defendants C. T. Nelson and Edith Nelson who live in and are residents of Williamson County, Texas."

In support of their contention appellants rely on Sec. 1 of art. 3264, Vernon's Ann. Civ.St., which in part provides that "Where the land lies in two or more counties, in one of which the owner resides, the statement shall be filed in the county of the owner's residence." This section also provides that the statement for condemnation shall be filed in the county where the land or a part thereof is situated.

An Act of the 55th Legislature, codified as art. 6674w, Vernon's Ann.Civ.St., delegated additional authority to the State Highway Commission. Art. 6674w-3 provides that in the acquisition of property for highway purposes by condemnation the suit shall be prosecuted in the name of the State and that the venue of any such suit shall be in the county in which the property or a part thereof is situated. The Act further provides that in the exercise of the power of eminent domain the Highway Department shall be subject to the laws and procedures prescribed by Title 52, arts. 3264-3271, inclusive, as said title or articles have been or may be amended.

■ Art. 6674w, supra, fixes venue of suits of the kind here in the county where the property or a part thereof is situated and by appellants' own statement a part of the land is situated in Travis County. This article specifically deals with the acquisition of property for highway purposes while art. 3264, supra, deals with the right of eminent domain generally. We think the rule applicable to the question presented is that stated in 50 Am.Jur. p. 564, Sec. 563 as follows:

"* * * a statute enacted for the primary purpose of dealing with a particular subject prescribing terms and conditions covering the subject matter, supersedes a general statute which does not refer to that subject, although broad enough to cover it."

It is our opinion that a question of venue and not jurisdiction is presented and that art. 6674w–3 is applicable. We are further of the opinion that appellants waived any valid objection which they may have had to venue in Travis County by not objecting to such venue in limine. The question of venue has been raised for the first time on appeal. This is too late.

After the trial but prior to judgment appellants filed their motion to dismiss the cause because the trial court was without jurisdiction of the land described in the amendment because the land there described was not before the commissioners.

The parties treat the approximately .3 of an acre of land in question as being owned by appellants and we will assume for the purpose of this decision that the land to the center of the abandoned road was so owned.

■ Except as going to the question of intent later noticed, we attach no importance to the stipulation of the parties supra because jurisdiction could neither be conferred by agreement nor by waiver. Wilbarger County v. Hall, Tex.Com.App., 55 S.W.2d 797. Here the question of jurisdiction is of the subject matter which cannot be conferred by consent. Campsey v. Brumley, Tex.Com.App., 55 S.W.2d 810. The question here is: Did the description of the land in the statement for condemnation have the legal effect of describing the land to the center of the abandoned road?

■ We will first notice the words "more or less" used as a part of the description of the land to be taken as set out in the statement of condemnation and for the taking of which the commissioners made an award. As there used these words followed a particular description and merely qualified the quantity of land contained in the particular description. They "contribute little or nothing toward identifying the land" and only evidence the intent to risk some loss or gain in the estimated quantity of land. They cannot be construed to include land not included within the particular descrip-

tion. Wooten v. State, 142 Tex. 238, 177 S.W.2d 56.

Sec. 1 of art. 3264 supra provides that the statement for condemnation "shall describe the land sought to be condemned."

"The statute requires the applicant for condemnation of land 'to state in writing the real estate and property sought to be condemned,' and, if this be not so done as to identify the land to be taken, the jurisdiction of the tribunal having power to condemn never attaches, it matters not what notices of the proceeding may be given." Parker v. Ft. Worth & D. C. Ry. Co., 84 Tex. 333, 19 S.W. 518, 519.

Wooten v. State, supra.

The amended description contained approximately .3 of an acre of land not described in the description set out in the statement for condemnation. This being true then unless it can be said that the amended description better described the land taken this approximately .3 of an acre was not before the commissioners and the power to condemn it never attached. In testing the sufficiency of the description here it is proper to apply the test of sufficiency required in conveyances of land. However in doing so we must bear in mind that the road in question is an abandoned road.

■ It is the general rule that, in the absence of an express reservation to the contrary, the grantor of land lying along a public road is presumed to convey to his grantee the land to the center of such road. This rule is bottomed on the theory that the use of the road is a right and an appurtenance passing with the land. Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080, 85 A.L.R. 391; Cox v. Campbell, 135 Tex. 428, 143 S.W.2d 361. In Goldsmith v. Humble Oil & Refining Co., 145 Tex. 549, 199 S.W.2d 773, 776, the court said that the existence of a highway, street or passageway in which there is an easement at the time the deed is executed

is an important factor to support the presumption and further said:

"But more important to support the presumption is the existence of a highway, street or passageway in which there is an easement at the time when the deed is made. We have found no case applying the presumption when the conveyance makes no reference to a highway, street or passageway and when, at the time the deed is executed, the land conveyed is not bounded by highway, street or passageway in which an easement has been created or acquired.

"The Supreme Court of Washington, in a carefully considered opinion, held that by formal vacation of a street the land embraced therein was freed from the public easement and did not pass as an incident or appurtenance to lots thereafter conveyed which bordered on the vacated street. Raleigh-Hayward Co. v. Hull, 167 Wash. 39, 8 P.2d 988, 991. In so holding the courts quoted from Elliott on Roads and Streets, 4th Ed., par. 1192, as follows:

" 'There is neither mystery nor magic in the word "street." The easement of use is the significant fact. When the easement ceases, there is no occasion nor justification for any imputation of intention. The parties would contract with reference to a record showing that no street existed.' "

 The court also stated that a reference to the highway or street is an important factor in determining from the deed whether it is to be included or excluded.

In Amerman v. Missouri, K. & T. Ry. Co., Tex.Civ.App., 182 S.W. 54, 56, er. ref., the above rule was applied in a condemnation proceeding to a street that the city had abandoned. However the court stated that:

"The abandonment by the city of any rights it may have had in said street in no way affected the existence of the street. The rights of all persons owning property abutting thereon or adjacent thereto, and who held under conveyances referring to and calling for said street to keep the street open was not dependent upon whether the public accepted the dedication or abandoned its rights thereto."

 It is our opinion that the rule that a conveyance of land abutting on a public road, highway, street, etc., presumably conveys the land to the center thereof is not applicable to the question here. It is also our opinion that the strip or gore doctrine is not strictly applicable here. In Cantley v. Gulf Production Co., 135 Tex. 339, 143 S.W.2d 912, 915, the court adopted the rule stated in 9 Corpus Juris, p. 203, Sec. 97, that:

"Where a highway is laid off entirely on the owner's land, running along the margin of his tract, and he afterwards conveys the land, the fee in the whole of the soil of the highway vests in his grantee." See also 11 C.J.S. Boundaries § 35.

Haines v. McLean, 154 Tex. 272, 276 S.W.2d 777, 783. In Strayhorn v. Jones, Tex., 300 S.W.2d 623, 638, the court quoted from Cantley v. Gulf Production Co. supra as follows:

"It is well known that separate ownership of long narrow strips of land, distinct from the land adjoining on each side, is a fruitful source of litigation and disputes. To avoid this source of contention, it is presumed that a grantor has no intention of reserving a fee in a narrow strip of land adjoining the land conveyed when it ceases to be of use to him, unless such fee is clearly reserved. The reason for the rule is obvious. Where it appears that a grantor has conveyed all land owned by him adjoining a narrow strip of land that has ceased to be of any benefit or importance to him, the presumption is that the grantor intended to

include such strip in such conveyance; unless it clearly appears in the deed, by plain and specific language, that the grantor intended to reserve the strip. See Cox v. Campbell, 135 Tex. 428, 143 S.W.2d 361; Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080, 85 A.L.R. 391; Texas Bitulithic Co. v. Warwick, Tex.Com.App., 293 S.W. 160. For an annotation of the decisions bearing on this question, see also 123 A.L.R. 543; 47 A.L.R. 1277, and 2 A.L.R. 7."

There the court also cited Haines v. McLean supra for its statement:

"* * * that it is against public policy to leave title of a long narrow strip or gore of land in a grantor conveying a larger tract adjoining or surrounding this strip * * *."

Here the land described in the statement for condemnation joins the .3 of an acre in question. However the land so described was only a small portion of the land owned by appellants and which land also joined the .3 of an acre for which reason the foundation for the indulged presumption is weakened if not destroyed.

The field notes in the description contained in the statement for condemnation begin, run with and close on the north boundary line of the abandoned road with no expressed intention to include or exclude the land to the center of such road. This description describes a tract of 6.706 acres out of a larger tract owned and retained by appellants.

■ The strip or gore doctrine was considered in McKee v. Stewart, 139 Tex. 260, 162 S.W.2d 948, 950, and the court said:

"The rule invoked by defendants in error is one of construction to which resort is had only when uncertainty or ambiguity as to the land intended to be conveyed appears on the face of the deed or when the effort to apply the description to the ground gives rise to ambiguity. If there is no ambiguity there is no occasion for construction, and the description speaks for itself. Authorities cited.

■ There is no ambiguity present in the description contained in the statement for condemnation of 6.706 acres of land and none arises when we come to apply that description on the ground. That description fits, without conflict, only one tract of land, the 6.706 acre tract and not the 7 acre tract for which reason extrinsic evidence was not admissible to explain the intention of the parties. 14–B Tex.Jur. pp. 702–706, Secs. 239–241. The stipulation of the parties supra was neither effective to confer jurisdiction nor to enlarge the tract of land sought to be condemned.

■ The jurisdiction over the approximately .3 of an acre of land in question never attached for which reason the jury's award of damages cannot be sustained and this cause must be reversed and remanded.

Appellants complain that the jury's answer to issue one is contrary to the overwhelming preponderance of the evidence and that the answers to issues two and three have no support in the evidence. In view of our disposition of the appeal and another trial our consideration of these questions is unnecessary.

We have considered the merits of the appeal as presented in the briefs of the parties and to uphold the judgment of the trial court would violate well established and declared rules of law of this State.

The judgment of the trial court is reversed, the proceeding as to the approximately .3 of an acre of land is dismissed and as to the 6.706 acres the cause is remanded.

Reversed and remanded.

### On Appellee's Motion for Rehearing

By motion for rehearing appellee attacks our ·original opinion by thirteen assignments and one alternative assignment.

Appellee says that we were in error in holding that the description of the land in the statement for condemnation was ·not ambiguous. It says that the call for the beginning point is ambiguous.

It must be borne in mind that we are not called upon to locate appellants' property but are concerned only with the tract of land condemned. In doing so we must locate that tract by its description contained in the statement for condemnation.

■ The beginning call set out in our original opinion is here referred to. The beginning point is located as "being on the center line of U. S. Highway 81 (Interstate) at Engineer's Station 14 plus 24.3 as located by the Texas Highway Department." This is the surveyed and locative call and the calls stating that the point is in the south property line and also as being in the north right of way line of an abandoned road are "merely intended to point out or lead a person into the region or neighborhood of the" point called for. Stafford v. King, 30 Tex. 257. As such they are merely descriptive and directory and yield to the locative call. Lilley v. Blum, 70 Tex. 704, 6 S.W. 279. Appellee undertakes to move the locative call to the middle of the abandoned county road but does not even suggest that by beginning at some other call in the described 6.706 acre tract that the called for lines will run. to such center line. Moreover the fact that the north right of way line of the abandoned county road was called for makes certain that the existence of the road was known to the locator of the 6.706 acre tract and refutes any intention on his part to go to the center of such road.

■ Appellee says that the call for the beginning point to be "at a point in the south property line" means appellants' south property line. If appellee is correct then it is a false call and must be ignored for the reason that the statement for condemnation contains language which clearly points out the true beginning point. Weaver v. Propst, Tex.Civ.App., 28 S.W.2d 872, 876, Er. ref. This called for beginning point is the point from which the description of the tract starts and is the point to which it must return if the field notes are to close.

It is not for us to say why the locator of the tract did not include the approximately .3 of an acre of land in question. However if we should indulge in presumptions, as appellee seemingly would have us do, it may have been that the locator presumed that appellants did not own the area, but be that as it may there is not, in the description, any intent to include the land owned by appellants other than as it is positively described.

■ Appellee says that the trial court had potential jurisdiction of the subject matter of the suit and therefore acquired, by agreement, jurisdiction of the approximately .3 of an acre of land in question. The trial court acquired jurisdiction of the tract of land before the commissioners and for which they made an award and not of another and larger tract. Authorities cited in the original opinion.

In the alternative appellee says:

"* * * that, if the Court of Civil Appeals held correctly in dismissing the proceeding as to the 0.3 of an acre of land, then the Court of Civil Appeals erred in reversing and remanding for new trial the proceeding involving the 6.706 acres of land."

It says that we should have determined "the ratio the 0.3 of an acre of land bore to the entire tract" and having done so we should deduct that amount, $96.66, from the judgment and affirm it for $1,733.24 as to the 6.706 acre tract. Appellee says that art. 5, Sec. 6, Texas Constitution, Vernon's Ann.St., and art. 1820, Vernon's Ann.Civ.St., gives this court jurisdiction to render judgment on the facts. Art. 5,

Sec. 6, authorizes the Legislature to divide the State into districts and to establish courts of civil appeals, and provides that the decision of said courts shall be conclusive on all questions of fact. Art. 1820 merely declares the provisions of Sec. 6 last mentioned above

 Some witnesses valued the tract of land taken by stating their opinion as to its front foot value, others placed a lump sum value on it. We are not able to say how the jury arrived at $1,820 as the value of the land taken and we are unable to say that the jury valued the .3 of an acre at $96.66 nor can we say that the jury would have assessed the value of the remainder of the tract taken at $1,733.34 if the .3 of an acre had not been included.

All other assignments are disposed of by our original opinion and appellee's motion for rehearing is overruled.

Motion overruled.