[No. 3,905.]

# ENCARNACION GALINDO DE PERALTA *v.* VICENZIO GINOCHIO.

LANDLORD AND TENANT.—In order that a defendant, who has taken a lease from the plaintiff, may avail himself of the rule, that a tenant who did not enter under the lease, but was in possession at the time it was made, is not estopped from disputing his landlord's title, he must prove paramount title in himself, or those under whom he claims. It is not enough to dispute the title by averment. The production of a lease which is valid as a contract between the parties makes out a *prima facie* case for the landlord.

APPEAL from the County Court of Alameda County.

This was an action of unlawful detainer, and for holding over contrary to the terms of a lease. The plaintiff had judgment, and the defendant appealed therefrom and from an order denying a new trial.

The other facts are stated in the opinion.

*T. R. Wise* and *Foote & Carter*, for Appellant.

*Wm. H.* and *J. R. Glascock*, for Respondent.

By the Court, RHODES, J.:

The plaintiff alleges that during the year commencing in November, 1871, the defendant held the premises in controversy as her tenant, under a verbal lease, for one year; but the defendant contends that he was holding during that time, as the assignee of a lease made by Vincente Peralta, the plaintiff's testator, to Oresoli and two others. The claim that he is such assignee is based on a bill of sale made to him by Oresoli alone, of a tract of land which is not shown to be the same as that described in the lease or the complaint. There is evidence in the case showing that the plaintiff leased the premises to the defendant, for one year, by verbal lease. The decision of the Court below, therefore, that the defendant was in possession under the verbal lease, cannot be disturbed.

It not appearing that the defendant was the assignee of the lease made by Vincente Peralta, the point urged by the defendant, that that lease was not surrendered by the taking of a verbal lease from the plaintiff, cannot arise.

. It appears that the defendant was in possession of the premises at the time when the verbal lease was made, and he relies upon the rule in *Tewksbury* v. *Magraff*, 33 Cal. 237; *Franklin* v. *Merida*, 35 Cal. 566, and other cases in this Court, to the effect that as he did not enter under the lease from the plaintiff, but was in possession at the time it was made, he is not estopped from disputing his landlord's title. The rule, in its operation, permits the tenant in such case to dispute his landlord's title, by showing that his is the better title. It is not enough to dispute it by averment, but proof is required on his part. The landlord, by the production of the lease, makes a *prima facie* case, and the burden of proof is cast on the tenant; and unless he overcomes it by showing paramount title in himself, or those under whom he claims, the landlord must prevail. The defendant failed to show such paramount title. Conceding that by the bill of sale in evidence, he connected himself with the term granted to Oresoli and others, he did not prove that Vincente Peralta held the title to the premises: nor did he, in any manner, prove that he was entitled to the possession as against the plaintiff.

The views here expressed are not in conflict with the opinion in *Johnson* v. *Chely*, 43 Cal. 305. There it was held that proof that the tenant was induced by deception and imposition—by fraud—to accept the lease, destroyed the relation of landlord and tenant, and that the lease being thus disposed of, the landlord was driven to proof of his title in the ordinary way. A lease which is shown to be void, would not make out a *prima facie* case for the landlord; but a lease is sufficient for that purpose, where it is valid, as a contract, although the tenant, because of the other facts, is not estopped to dispute his landlord's title.

Judgment and order affirmed.

Mr. Chief Justice WALLACE did not express an opinion.