# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1879.

---

### W. R. Buford v. Jack Gray.

1. Preëmptor—Trespass to try title.—Trespass to try title can be maintained by one who has settled upon vacant land, upon which he filed as a preëmptor, and procured, as such, a survey of the same. The claim of such a one to the land constitutes an equitable though defeasible title, which, on compliance with the preemption law, would mature into a complete legal title.

2. Survey—Grant.—A call for distance and quantity in a grant will be disregarded, when inconsistent with a call for a corner which, though not recognized by natural or artificial objects at the point, is clearly ascertained by established marked lines (called for) which intersect at the corner.

Appeal from Cooke. Tried below before the Hon. J. A. Carroll.

A survey was made October 1, 1849, for John Schweitzer, and afterwards abandoned. Its location is shown upon the accompanying plat by the lines indicated by the letters a b c d.

On December 6, 1859, the field-notes of the Rodriguez survey, which had formerly been made, were corrected by the surveyor without going on the ground. The Rodriguez survey called to begin at its southeast corner; "thence west and around to its upper northeast corner on the Red River [which is found]; thence down Red River, crossing Mountain Creek, to another corner on Red River [which is also found on the ground]; thence south one hundred varas to a corner [found] on the north boundary line of John Schweitzer's survey; thence west one hundred varas to the northwest corner of the same."

The last call for one hundred varas will not, at the distance called, reach the northwest corner of the Schweitzer survey by several hundred varas, and would not cross Mountain Creek. No marked line was found running south at the point where the one hundred varas were exhausted. If the line should be prolonged to reach the Schweitzer northwest corner, the Rodriguez survey would be too small for the land it would be entitled to under the certificate, and as designated in the patent, by about one hundred and thirty acres.

The land embraced in this suit is that portion of the abandoned Schweitzer survey cut off by Mountain Creek in its northwest corner, and which is claimed by Gray as a preemptor, who, a few weeks after filing, surveying, and settling upon it as a preëmptor, brought this suit of trespass to try title.

The northwest corner of the Schweitzer survey cannot be found indicated by any natural or artificial mark at the point, being now inclosed in a cultivated field; but running the Schweitzer west line from the Schweitzer southwest corner, an old marked line with Mountain Creek, at the distance called for in its field-notes, is found; and the same is true of its north line. Thus, the locality of the northwest corner, though not identified by bearing trees at the corner on the ground, was claimed by Gray to be fixed.

The case was tried without a jury and judgment rendered

for Gray, from which Buford appealed. The first assignment of error is stated in the opinion. The only other assignments noticed are sufficiently indicated in the opinion itself.

*Sparks & Barrett,* for appellant.

I. One who has no title himself, and who is subsequent in point of possession, cannot maintain an action to dispossess an elder occupant of land, whether it is vacant or the property of a stranger. (*Wilson v. Palmer,* 18 Tex., 592; Ang. on Eject., 331.)

II. A preëmption claimant who has not fully complied with all of the conditions of the statute under which he made his settlement, and is not in a condition to demand and obtain a patent from the State, has neither a legal nor an equitable title against a prior settler upon the same land still in possession. A preëmption claim, before it ripens into an absolute equity against the government, is not such a claim upon land as to constitute either title or color of title, or such as would be recognized in the courts of this State for any other purpose than to protect the possession of the preëmptor against the aggressions of trespassers whose rights were inferior and junior to his own. (Paschal's Dig., art. 5305; Hart *v.* Turner, 2 Tex., 374; Howard *v.* Perry, 7 Tex., 263; Linthicum *v.* March, 37 Tex., 350; Christy *v.* Scott, 14 How., 282.)

III. There is no law fixing the effect of any call found in a grant, or giving one more weight or effect than all others. The rule laid down by this court is, that, in the abstract, other things being equal, the controlling landmarks are (1) natural objects, (2) artificial marks, and (3) course and distance; but, in all cases, that which is most certain — whether natural, artificial, or course and distance — is the most reliable evidence of the true position of the grant. (Booth *v.* Upshur, 26 Tex., 64; Booth *v.* Strippleman, 26 Tex., 436; Phillips *v.* Ayres, 45 Tex., 606, 607.)

We maintain, that where only one or more lines of a survey

have been actually made, and the line which separates it from vacant public land has not been made, or where it calls for some artificial object inconsistent with the natural objects called for in the lines actually surveyed and marked, as also inconsistent with the quantity intended to be inclosed within the survey, as it was the mistake or fault of the government, the holder of the elder grant can hold his quantity out of the public domain by extending his line from well-known and natural landmarks in the grant, according to course and distance called for, before the rights of a junior grant can attach, unless the holder of the elder grant has established such monuments or other notorious objects as would mislead a subsequent locator to his prejudice and inconvenience. (Welder *v.* Hunt, 34 Tex., 44; Browning *v.* Atkinson, 37 Tex., 633; Barclay *v.* Howell, 6 Pet., 500; McIver *v.* Walker, 9 Cranch, 173; Newsom *v.* Pryor, 7 Wheat., 7.)

*C. C. & C. L. Potter*, for appellee.—We think that appellee's right to the land is such an evidence of right to land, recognized by law, as is contemplated by article 5803 of Paschal's Digest. It is a right given and conferred by the State, that vests in the settler such a title as the State cannot repudiate, and if binding upon the State, certainly all persons must respect it. (Paschal's Dig., arts. 7046, 7052, 7053, 7099.) The settlement upon and improvement of vacant land, together with the affidavit and survey of the same, sever it from the general mass of public domain and vest in the settler an equitable title. He has such a title as will descend to his heirs. (Spier *v.* Laman, 27 Tex., 216.) If this were not true, title to the public domain could never be acquired by preëmption, if any adjacent land owner should take it into his head to claim that the land was embraced in his survey, however unjust and unfounded the claim might be.

Counsel also discussed the rules determining the relative dignity of calls in a survey.

BONNER, ASSOCIATE JUSTICE.—This case involves, first, the right of the plaintiff to maintain the suit upon his cause of action; second, the true location of the east boundary line of the Antonio Rodriguez survey.

The first question arises upon the first alleged error assigned, as follows:

· "The court erred in overruling defendant's objections to plaintiff's affidavit, preëmption file, and the field-notes of his survey of preëmption, offered in evidence in support of his action against defendant, on the grounds and as set forth in defendant's bill of exceptions."

These grounds of objection were, that plaintiff's claim did not constitute either such legal or equitable title as would maintain the suit, he not being in condition to demand a patent to the land claimed by him; and that a judgment against defendant would not protect him from further litigation, as it could not be pleaded in bar against the government or a subsequent locator.

We are of opinion that these objections were not well taken, but that the claim of plaintiff constituted an equitable though defeasible title, which, unless he failed to comply with the terms of the law, would ripen into a complete legal title, and would be sufficient under our law to maintain the action and entitle him to a recovery, unless the defendant showed that he had a superior right to the possession of the land. (Paschal's Dig., art. 5303; Spier *v.* Laman, 27 Tex., 216.)

This, under the other issues of law and fact, depended upon the question whether the land claimed by plaintiff was within the boundaries of the Rodriguez patent, under which defendant held. This patent called to commence at the northwest corner of a survey made for John Schweitzer; thence south on his line; thence west, north, &c., the last two calls being, "thence south one hundred varas to stake on north boundary line of said Schweitzer survey; thence west one hundred varas with the same to the beginning." In fact, this last call of one hundred varas would stop several hundred varas east

of the beginning corner. This was occasioned by a mistake of the surveyor, who, in making an office call for the Schweitzer survey as beginning corner, placed that and the west line of this survey several hundred varas east of its true locality on the ground, and as thus placed would include the land in controversy. The decisive question under this issue is this, viz.: Which is superior and should govern in the true location of the Rodriguez east boundary line, the northeast corner and the marked and established line as found on the ground of the Schweitzer survey called for in locating the beginning line of the Rodriguez patent, or the call for quantity and the last call of one hundred varas for distances in this patent? We think that, under the facts of this case, as applied to the rules of law applicable to the same, the former should prevail; and the court below having thus found, the judgment should be affirmed. It is accordingly so ordered. (Welder v. Hunt, 34 Tex., 44.)

AFFIRMED.