JOSEPH TYLER v. J. W. DAVIS ET AL.

(Case No. 5161.)

1. TRESPASS TO TRY TITLE—LANDLORD AND TENANT.—While the action of trespass to try title in Texas is a form of procedure in which most of the forms and fictions of the action are abolished, yet most of the principles applicable to ejectment are retained; among others, that a tenant cannot deny the title of his landlord, is one; and to recover in trespass to try title, it is only necessary for the plaintiff to prove that the defendant is a tenant holding over without authority from his landlord.

2. SAME.—The fact that the tenant originally entered without recognizing his tenancy, and afterwards attorns to the landlord, does not vary the rule; he is estopped by his recognition of his tenancy, no matter how he first went into possession, except in a case of mistake, or of fraud or misrepresentation on the part of the landlord.

APPEAL from Llano. Tried below before the Hon. John C. Townes.

Suit in trespass to try title and for damages, instituted by appellees against appellant in district court of Llano county, for three hundred and twenty acres of land. Answer by general demurrer and plea of "not guilty." Judgment for plaintiffs for possession of land in controversy, $10 damages and costs of suit.

The assignment relied on was as follows: "The court erred in its first finding of the law, in holding that, in an action of trespass to try title, the plaintiff makes out a *prima facie* right to recover by proving that the defendant has attorned to him as his tenant, and held possession under him, and is holding over against his consent, because in this case the facts found by the court showed that the plaintiffs had no title to the land, and that defendant did not derive possession from or through the plaintiffs, but was in possession prior to his attornment, and that the time of his tenancy was at an end."

*W. T. Dalrymple*, for appellant, cited: Stroud *v.* Springfield, 28 Tex., 671; Burleson *v.* Burleson, 28 Tex., 412; 8 Tex., 443; 10 Tex., 503; Finding of Facts, Trusts, 6, 9, 10, 20 and 21; 1 Washburn on Real Prop. (4th ed.), top page 565, side page 362; Tewksbury *v.* Magraff, 33 Cal., 237; Franklin *v.* Merida, 35 Cal., 558; Clee *v.* Seaman, 21 Mich., 297; Clarridge *v.* McKenzie, 4 M. & G., 154, 155; Gallagher *v.* Bennett, 38 Tex., 292; Alexander *v.* Gilliam, 39 Tex., 232; Christie *v.* Scott, 14 How., 292; 20 Curtis, 185; 2 Greenleaf on Ev., sec. 618; Cornish *v.* Scovell, 1 Mann. & Ryl., 703; 1 Washburn on Real Prop., p. 558 (4th ed.), side page 358; Steele *v.* Putney, 15 Me., 327; Doe *v.* Foster, 3 C. B., 215; Chitty on Contracts, p. 99 (side); Willison *v.* Watkins, 3 Pet., 47; Love *v.* Barber, 17 Tex., 312; 1 Greenleaf on Evidence, sec. 204 and note.

No briefs for appellee on file.

WILLIE, CHIEF JUSTICE.— This suit was brought for the recovery of a tract of land in Llano county, the appellees being plaintiffs and the appellant defendant in the court below. The defendant having pleaded "not guilty," the cause was submitted to the judge without a jury, and judgment rendered in favor of the plaintiffs for a recovery of the land and $10 damages and costs of suit. From that judgment an appeal has been taken to this court.

What purports to be a statement of facts seems to have been made up, signed and approved within ten days after final adjournment of the term of court at which the cause was tried, in pursuance of an order duly entered, but it was not filed until twelve days after the adjournment. It cannot, therefore, be considered in rendering our decision in the cause. The judge, however, placed upon record in due time his conclusions of law and fact, the latter of which are not disputed, and must be regarded as the fair and reasonable result of the proof adduced in the cause. It may be proper to add, that, upon an examination of the paper purporting to be a statement of facts, we find that the judge's conclusions of fact are fully authorized by the statement, or rather that they, if anything, are more favorable to the appellant than it was necessary to make them under the evidence. The appellant has not, therefore, lost anything by the exclusion of the statement of facts.

In this suit the landlord seeks to recover from his tenant, who is holding over after the expiration of the lease, and refuses to surrender possession. To sustain his action he has introduced no other proof except the lease and the value of the use and occupation.

It seems, from the judge's conclusions, that the tenant originally entered upon the land as a naked trespasser; afterwards under a contract to purchase it from the appellees, and subsequently canceled this contract and agreed to occupy the land as a tenant and not as a purchaser. Under this state of case it is contended by the appellant that it was incumbent upon the plaintiffs below, he having pleaded "not guilty," to show a good title to the land or fail in the suit.

That, as a general rule, a tenant cannot dispute his landlord's title is well established and universally admitted, and neither citation of authority, nor discussion of the principle upon which it rests, is at all necessary, since it has been recognized at law for so great a length of time. It is applied as well in suits for rent as in those for the recovery of possession. In the action of ejectment it has always been held sufficient for a landlord, who is suing his tenant, to produce his lease, and that estoppel closes the mouth of the defendant to call his title in question. Jackson v. M'Leod, 12 Johns., 182. Our action of trespass to try title, whilst it abolishes the forms and fictions of ejectment, preserves most of its substantial principles, and this amongst others. Whilst the plaintiff must go back to the government or to a common source in other cases, yet as to one estopped to deny his title, it is enough that he establishes the facts upon which the estoppel is supported.

The rule that a tenant cannot dispute his landlord's title is not denied by the appellant as a general principle, but he claims that the present case comes within one of its exceptions. Like all general rules it has its exceptions, but we do not think that this case falls within either of them. It is contended that where the tenant is not let in originally by the landlord, but, being already in possession, afterwards attorns to him, the reason of the rule has ceased, and the tenant may retain possession and dispute the lessor's title.

In behalf of this doctrine it is said that the general rule rests upon the reason that, if we allow the lessee to retain possession and dispute the landlord's title, a wrong is wrought against the landlord in depriving him of the advantage of a possession with which he would not have parted but for the promise of the tenant that he would hold it in his place and stead. But, as in case of an attornment by a party in possession to a lessor who is out, the latter has parted with nothing and the former gained nothing, the reason of the rule has ceased and the rule itself cannot be supported.

This view is supported by some very high authority, though decidedly against the majority of decisions, and against the opinion of

eminent text writers. See Franklin *v.* Merida, 35 Cal., 567; Tewksbury *v.* Magraff, 33 Cal., 237; Bigelow on Estoppel, 410 *et seq.* and notes and authorities cited; Taylor on Landlord and Tenant, § 707; Smith on L. and T., 320.

It is generally held that a tenant in such case can dispute the title only in case of mistake, or of fraud or misrepresentation on the part of the lessor. Id.; Big. on Estop., 399 *et seq.*

But the courts in which the above is maintained as an exception, at the same time hold that proof of the lease by the landlord makes out a *prima facie* case for him, and that the burden then rests upon the tenant to show an outstanding title with which he is connected.

The plaintiff is not required to show in the first instance a good title in himself, and the defendant cannot succeed by reason of an outstanding title with which he has no connection. Franklin *v.* Merida, *supra;* Peralta *v.* Ginochio, 47 Cal., 459; Holloway *v.* Galliac, id., 476.

The findings of the judge show that the defendant proved no outstanding title with which he was connected, and, if the statement of facts could be looked to, it would be found that he proved no outstanding title at all.

It becomes unnecessary for us, therefore, to pass upon the question of the right of a naked trespasser or other occupant attorning to another party to dispute the title of his lessor. He cannot do so, under any of the authorities, without showing some title or right of possession in himself, derived from a source other than the lease of the party whose title he is disputing. No such right was shown in the present case, and the judge did not err in his conclusion of law that the plaintiffs were entitled to recover upon proof of their lease to the defendants. There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered May 30, 1884.]