## J. H. AND A. P. LUCKETT v. P. V. SCRUGGS.

### No. 6304.

**Course and Distance—Corners—Calls.**—A verdict fixing a corner by course and distance from another well known corner 2688 varas distant, which gives the quantity called for to the survey, will not be disturbed by reason of a call in the field notes for a known bearing tree 916 varas distant, the corner in dispute being unmarked and in

a prairie and the acreage in the survey being in excess if the corner be located upon the course and distance from the bearing tree.

APPEAL from Fannin.   Tried below before Hon. D. H. Scott.
The opinion states the case.

*Wm. A. Bramlette,* for appellants. — If natural or artificial objects called for in a survey can be found and identified, although short or beyond the place at which course and distance would place the boundary, they must control.   Freeman v. Mahoney, 57 Texas, 625; Newman v. Farquhar, 60 Texas, 640.

*Richard B. Semple,* for appellee.—If there are well known and undisputed original corners established on the ground around the survey they would control the other calls of the survey which are contradictory, if there are any such calls.   Phillips v. Ayres, 45 Texas, 601; Ragland v. Wisroch, 61 Texas, 391.

HENRY, ASSOCIATE JUSTICE.—This suit is about a conflicting boundary line between the Curtis and Beck surveys.   The suit was commenced by appellants in the form of an action of trespass to try title.

It was admitted that appellants owned the Curtis and appellee the Beck survey.   There was a jury trial, resulting in a verdict and judgment for the defendant.   The Curtis survey is several years older than the Beck and lies directly west of the Beck survey.

The controversy is as to the location of the southeast corner of the Curtis survey, that being the southwest corner of the Beck.   Others corners of both surveys are well established.

The field notes of the Curtis survey call for a line running east from its southwest corner 2688 varas to a post, from which a double elm marked X bears north 87¼ degrees west, 918 varas distant.

The corner is in the prairie, with nothing to mark its situation except course and distance from the other corners of the survey and from this bearing tree.   The northwest and southwest corners as well as the bearing tree are clearly identified.   If the southeast corner of the Curtis survey is established where the course and distance from its own southwest corner mentioned in its own field notes place it, both surveys will contain their correct quantity of land.   If the length of the south line of the Curtis called for in its field notes is disregarded, and the southeast corner is established by running a line a distance of 918 varas south 87¼ degrees east from the bearing tree, it will make the south line of the Curtis survey 2876 varas, instead of 2688 varas, and give the Curtis an excess and leave the Beck a deficiency.

The court charged the jury as follows:

"In arriving at the true line you are to arrive if possible at the lines

as originally run by the surveyors who made the surveys upon which the patents issued.    In determining this question ordinarily calls for natural objects, such as rivers, lakes, creeks, springs, etc., are controlling calls. Artificial objects such as monuments, adjacent surveys, marked lines, and courses, etc., are second in importance to the above.

"Course is the third in importance, and distance the fourth.    If after considering these general rules there is still uncertainty and confusion as to the true line, that rule should be adopted which is most consistent with the intention apparent upon the face of the grant as ascertainable from all the surrounding circumstances.

"The beginning corner in a survey is of no higher dignity or importance than any other corner of the survey.

"If there are well known and undisputed original corners established upon the ground around the survey they would control the other calls of the survey which are conflicting and contradictory, if there are any such calls."

The only errors assigned relate to the correctness of the foregoing charges.    We think them correct both as general propositions and in their application to the facts of this case.    Stafford v. King, 30 Texas, 257.    While the evidence leaves no doubt about the double elm being the bearing tree called for in the original field notes to establish the southeast corner of the Curtis survey, it remains to be said that it is itself so remote from the corner that the objection to course and distance having a controlling effect upon the survey are not without application to it.

The situation of the southwest corner of the Curtis survey seems as well established as is that of the double elm bearing tree, and the course and distance from the established southwest corner are given with as much precision from that corner as they are from the bearing tree.    The only difference is that the distance from the established corner is about three times greater than from the bearing tree.    This difference does not furnish a satisfactory reason why the distance from the corner should be held unreliable and that from the bearing tree absolutely correct.

In any view of the evidence in this case the true location of the southeast corner of the Curtis survey depends upon course and distance, and it was correct to adopt the calls that gave to the survey its correct quantity of land rather than those which would have given it an excess.

The judgment is affirmed.

*Affirmed.*

Delivered April 16, 1889.