KENDRICK v. JOHNSON et al. (No. 7983.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 14, 1914. On Motion for Rehearing, Feb. 13, 1915.)

1. BOUNDARIES ☞37 — EVIDENCE — SUFFICIENCY—LOCATION OF CORNER.

In a suit to determine the boundary line between two surveyed blocks, evidence *held* sufficient to sustain the finding of the court that the southeast corner of one block was located at a point 317 varas north of where it should be according to the call for course and distance.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 184–194; Dec. Dig. ☞37.]

On Motion for Rehearing.

2. BOUNDARIES ☞37 — EVIDENCE — SUFFICIENCY—LOCATION OF CORNER.

In a boundary suit, evidence *held* to show, contrary to the finding of the court, that the south line of a certain block ran southwesterly from the southeast corner to the corner of blocks in another survey, rather due west, according to the course called for.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 184–194; Dec. Dig. ☞37.]

3. BOUNDARIES ☞1 — DETERMINATION — RULES.

The object of the rules for the ascertainment of boundary lines is to determine where the line was originally in fact located by the surveyor, not where it should have been located.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. § 1; Dec. Dig. ☞1. ]

4. BOUNDARIES ☞3—DETERMINATION—RELATIVE IMPORTANCE—COURSE AND DISTANCE.

The call for course and distance is a lower grade of evidence, and must yield to a call for a natural object, marked tree, or a fixed determinable corner.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 3–41; Dec. Dig. ☞3.]

Dunklin, J., dissenting in part on motion for rehearing.

Appeal from District Court, Young County; P. A. Martin, Judge.

Boundary suit between P. S. Kendrick and R. J. Johnson and others. From a decree determining the boundaries, Kendrick appeals. Affirmed, and motion for rehearing granted in part, and judgment of court below modified.

J. A. King, of Albany, Arnold & Arnold, of Graham, and Theodore Mack, of Ft. Worth, for appellant. Kay & Akin, of Graham, for appellees.

CONNER, C. J. This is a boundary suit in which the principal controversy is over the dividing line between section 2914, owned by appellant, Kendrick, and section 2915, immediately south, owned by one of the appellees. The evidence shows that in August, 1853, a block of surveys, rectangular in form, which is designated in the evidence as the 700 block, was located and surveyed by one Joseph Bledsoe. The eastern line of the block is irregular, but in a general way extends from the southwest to the northeast. Thus survey 733 lies immediately east of

survey 732. The southwest corner of 732 is made the northeast corner of 734; the southwest corner of 734 is made the northeast corner of 736, and so on. In October of the same year one Baker located and surveyed the unappropriated land lying to the south and east of the 700 block, being the block to the older surveys. The latter surveys were designated in the evidence as the 2900 block. Survey 2914 lies immediately south of survey 734 and east of 736. The field notes of 2914 call to begin at the southeast corner of survey 734; thence south 1,344 varas to a stake, calling for live oak bearing trees; thence west 1,344 varas, calling for hackberry bearing trees, which are also called for in the field notes of survey 736 at its southeast corner; thence north 1,344 varas to the southwest corner of 734; thence east 1,344 varas to the place of beginning. No corner identified as made by the original surveyor was found either at the southeast or southwest corners of 734, or at the southeast corner of 736; nor does it appear that either the east, south, west, or north lines of survey 2914 was marked. The southeast corner of 734 was clearly fixed, however, by course and distance from original corners identified in the 700 block to the north and west. So fixing the southeast corner of 734, the court in its decree fixed the south boundary line of 2914 at a point 317 varas north of where course and distance as called for in survey 2914 would have placed it, and the principal contention on this appeal is that the evidence does not support such a finding.

[1] The evidence has been carefully considered, and we feel unable to disturb the decree below. The evidence suggests that the surveyor of block 2900 put in his surveys from base lines running north and south, occasionally fixing corners which were identified in the evidence, and that from these base lines the surveys were platted in with the evident purpose of connecting on to the 700 block, and of making the lines running east and west as extensions of the like lines on block 700. From the well-identified corners found in the 2900 block and in the 700 block it is quite evident, however, that Baker, in surveying the 2900 block, supposed the 700 block of surveys to be 317 varas farther north than they are actually found to be on the ground, thus causing a conflict. The southeast corner of 2914, however, as fixed in the court's decree, is in harmony with other identified corners in block 2900, and one witness testified to the effect that at the southeast corner of 2914, as so fixed, he once found a live oak tree that had been recently partly burned, and which the surveyor of the county, one Hollingsworth, declared to have been a bearing tree for that corner. He further testified that the live oak roots could yet be found by digging, and that there was no other live oak in the vicini-

ty. So that we do not feel that we could disturb the finding for the southeast corner of 2914. The extension of the south line west by course and distance as called for in the field notes of the survey cannot, we think, be disturbed, inasmuch as the line so fixed is in harmony with the calls and with all other lines of the 2900 block, and also in harmony with the evident purpose of the original surveyor to make the surveys rectangular in form, and inasmuch as the field notes of 2914 do not distinctly call for the southeast corner of 736, nor is there an identified corner at the southeast corner of 736, nor does the evidence show that there was found the original bearing trees called for in the field notes of 2914 for its southwest corner so as to require an extension of the south line of 2914 in a southwesterly direction from the southeast corner of 2914, as fixed by the court, to the southeast corner of survey 736, as ascertained by course and distance from identified corners in the 700 block to the north. In brief, the question is not where we would have fixed the south line of 2914, but the question is: Does the evidence support the findings of the trial court? And we think it does.

The judgment is accordingly affirmed.

### On Motion for Rehearing.

In the consideration of appellant's motion for rehearing, we have carefully re-read the evidence given by the surveyors and other witnesses with reference to the location of the established corners in the 700 block, and also in the 2900 block, and have become convinced that, in the light of such testimony, we cannot disturb the finding of the trial court as shown by its judgment as to the location of the southeast corner of survey 2914.

[2] But then the question presents itself whether the southwest corner of said survey is to be controlled by the call for course and distance from the determined southeast corner, or by the call for the said southwest corner, fixed by bearing trees on the ground at the time of the original field notes, but not now in existence. We believe that the location of the northeast corner of survey 737, which calls for the same bearing trees, is easily determined from the uncontroverted evidence. The southeast corner of the latter survey is fixed and recognized, and the location of the same is not controverted. Surveyor C. W. Henson testified that running from the southeast corner of 737 north to the northeast corner of 730, which last-named corner is recognized as a good corner with bearing trees, he found the requisite complement of varas—to wit, four surveys. In other words, by beginning at the southeast corner of 737, and running north 1,344 varas, he fixes the northeast corner of said survey; and by starting at the northeast corner of 730, and running south three surveys, he again fixes the said northeast corner of 737 at the same place. In the original field notes

of the four surveys hereinafter mentioned the southeast corner of 736, the northeast corner of 737, the southwest corner of 2914, and the northwest corner of 2915 all call for the same bearing trees, to wit, two hackberries, one 4 inches in diameter, bearing——45 degrees east 10.7 varas, another 8 inches in diameter bearing north 38¼ degrees east 17 varas. Therefore we find that said corner is fixed as certainly as if there were now on the land the bearing trees described as the southwest corner of 2914 and the northwest corner of 2915. Hence, since the call in the field notes of 2914 from the southeast corner thereof west is 1,344 varas west to this corner thus established, it follows that the call for the corner will control, rather than the course and distance.

[3] As a general rule, boundaries are ascertained: (1) by natural objects, such as rivers, lakes, creeks, etc.; (2) by artificial marks, such as marked trees, lines, stakes, etc.; and (3) by course and distance. When the application of these rules in a particular case leads to contrary results or confusion, that rule must be adopted which is most consistent with the intention apparent upon the face of the grant, read in the light of surrounding circumstances. The object of these rules, to ascertain the locality of a boundary line, is to determine where it was, in fact, located, and not where it ought to have been located; in other words, to follow the footsteps of the surveyor when the survey was actually made on the ground. Sayles' Real Estate Laws of Texas, vol. 2, art. 871 (1892 Ed.), and cases there cited.

[4] It is a well-recognized rule that the call for course and distance must ordinarily give way to a call for a corner which is fixed or determinable. Course and distance are of the lower grade of evidence, and will yield to a call in the grant or deed to a natural object, as a river, a known stream, spring, or a marked tree. Id. p. 528, and cases there cited. Of course, the original surveyor did not intend the south line of 2914 to run in a southwest direction to reach the bearing trees called for at its southwest corner. But it is equally as plain that he did not intend to fix the southwest corner where course and distance puts it. By adopting the ascertained northeast corner of 737 for the southwest corner of 2914, we divide the large excess that would otherwise be in survey 2915, and lessen by half the deficiency in 2914, which is equitable at least, and which more nearly accords with the manifest intent of the surveyor to make the surveys equal in area. One or more of the other surveys in the 2900 block must of necessity be adjusted to the 700 block in like manner. For instance, the southeast and the northeast corners of survey 2946 are identified and fixed on the ground. The calls from these corners are west to the northeast and the southeast corners, respectively, of survey 733, also identified on the ground. But to reach these cor-

ners of 733, which are 317 varas farther south than the same corners of 2946, the north and south lines of survey 2946 must run in a southwesterly direction.

Therefore we conclude that the court below was in error in locating the southwest corner of 2914 by course and distance from the southeast corner thereof, rather than by the northeast corner of 737, and that in this respect this court was in error in its original opinion in affirming the judgment of the trial court.

We therefore hereby grant the motion of appellant for rehearing, and it is the order and judgment of this court that the judgment of this court, as expressed in its original opinion, be reformed, and also the judgment of the trial court, by fixing the southwest corner of survey 2914 and the northwest corner of survey 2915 at a point 1,344 varas north of the southeast corner of survey 373, thereby awarding to survey 2914 and survey 2915 each one-half of the parallelogram 317 varas north and south and 1,344 varas east and west, and that, with this correction in the judgment, the judgment of the trial court will be affirmed.

DUNKLIN, J. (dissenting). I am unable to agree with the majority in granting the motion for rehearing and reversing and rendering judgment in favor of appellant for the part of the land in controversy shown in the opinion of the majority on the motion for rehearing. I adhere to the conclusion reached by this court upon the original hearing that the judgment of the trial court should be affirmed for the reasons stated in the original opinion. The evidence shows without controversy that all the surveys in the 2900 block, consisting of about 40 sections, were located by the same surveyor, Baker, at the same time, all of which surveys were made subsequent to the surveys in the 700 block, and, were intended to be tied to said older surveys. The evidence further shows that some nine of the corners fixed by Baker of the sections in the 2900 block are now found upon the ground as indicated by natural and artificial objects, and there is no controversy as to the true location of these corners. These corners are the northwest corner of 2912, the southeast corner of 2917, the northeast corner of 2944, the northwest corner of 2936, the northwest corner of 2941, the northwest corner of 2938, the northwest corner of 2940, the northeast corner of 2950, and to the number so given may be added the southeast corner of 2914, which the majority agree is the original corner fixed by the surveyor who located that survey. All the calls for course and distance contained in the field notes of all the surveys in the 2900 block harmonize with those fixed and certain corners. As stated in the original opinion in this case:

"It is quite evident that Baker, in surveying the 2900 block, supposed the 700 block of surveys to be 317 varas farther north than they are actually found to be on the ground, thus causing a conflict."

From that conclusion it follows irresistibly that Baker, in surveying the 2900 block, did not find any corners of any surveys in the 700 block as located on the ground, and that in calling for the northeast corner of survey 737, which is also the southeast corner of 736, he did not go to such corner as fixed upon the ground, if it was then fixed upon the ground, by witness trees in the field notes of those surveys, but that he supposed it to be due west of the southeast corner of 2914, and called for the south boundary line of 2914 to run due west of its southeast corner without actually running it upon the ground, but intending that it should run due west for the distance given. Thus it clearly appears to the writer that Baker intended that the south boundary line of 2914 should run due west from its southeast corner to the point where he supposed the corner of 737 was located, which he never, in fact, found, and never tried to find, but which he supposed was located due west of where he located the southeast corner of 2914.

It is well settled that the rule which makes a call for course and distance inferior to those for natural and artificial objects is not an inflexible rule, but that the primary and controlling rule is that which will best enable the courts to ascertain the intention of the parties. To hold otherwise would be to give greater importance to the rule itself than to the reason of the rule, as was held in Robinson v. Doss, 53 Tex. 496, and other authorities. In Baker v. Light, 80 Tex. 627, 16 S. W. 330, it is said:

"When it can be ascertained which is the mistaken call, it will be rejected, and the other adopted as that expressive of the true intention of the parties."

This controlling rule applies with special force when it appears that no actual survey upon the ground was made. Numerous authorities might be cited in support of the propositions announced above; such as Luckett v. Scruggs, 73 Tex. 519, 11 S. W. 529; Sellman v. Sellman, 73 S. W. 48; Boon v. Hunter, 62 Tex. 582; Goodson v. Fitzgerald, 40 Tex. Civ. App. 619, 90 S. W. 898; Jones v. Andrews, 62 Tex. 652; Jones v. Burgett, 46 Tex. 284; Linney v. Wood, 66 Tex. 22, 17 S. W. 244.

For the reasons indicated, the writer is of the opinion that the motion for rehearing should be overruled.