## FINCHER v. WOOD. (No. 9337.)

(Court of Civil Appeals of Texas, Ft. Worth. May 15, 1920. Rehearing Denied June 19, 1920.)

1. **Appeal and error** &#x6bdf;704(2)—**Findings of fact conclusive in absence of statement of facts.**

In the absence of statement of facts, the court's findings of fact are conclusive on appeal.

2. **Landlord and tenant** &#x6bdf;63(2)—**Tenant estopped to deny title of landlord.**

A tenant is estopped to deny the title of his landlord, and in the absence of any proof of title in the plaintiff, in an action by a landlord against tenants in trespass to try title, plaintiff was entitled to recover under findings by the court that defendants held possession of the property solely as plaintiff's tenants.

3. **Appeal and error** &#x6bdf;878(1)—**No complaint of judgment against sureties on replevy bond in absence of appeal by sureties.**

No complaint can be made on appeal concerning a judgment against sureties on a replevy bond, where the sureties prosecuted no appeal from the judgment against them.

4. **Sequestration** &#x6bdf;20—**Judgment for rentals to accrue up to time possession of property is delivered to plaintiff authorized by replevy bond.**

In trespass to try title, where sequestration writ was issued and the property replevied, court, rendering judgment for plaintiff, was authorized to give judgment for rentals to accrue up to time possession of the property should be delivered to plaintiff, where authorized by replevy bond, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 7106–7109.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by W. L. Wood against F. J. Fincher and wife. Judgment for plaintiff, and the defendant wife appeals. Affirmed.

Poulter & Koenig, of Ft. Worth, for appellant.

Padelford, Turner, Doyle & Bouldin, of Ft. Worth, for appellee.

DUNKLIN, J. W. L. Wood instituted this suit against Seaborn Fincher and wife, Mrs. F. J. Fincher, in the form of trespass to try title to recover a house and lot situated in the city of Ft. Worth. A sequestration writ was issued and levied upon the property, which was replevied by the defendants by giving a replevy bond signed by both defendants, as principals, and by B. H. Dunn, J. F. Luther, and John L. Poulter, as sureties. Upon the trial of the case before the court without a jury, plaintiff recovered a judgment for the title and possession of the property sued for and also a personal judgment against the defendant Seaborn Fincher for $20 as rentals due the plaintiff upon the property by Seaborn Fincher up to the date that the same was replevied, and against defendant Seaborn Fincher and said bondsmen for the sum of $62.66 as rentals upon the property from the date it was replevied up to the date of the trial, and against the same parties for the rental value of the property from the date of the judgment until the date of delivery of the property to the plaintiff, which the court found to be at the rate of $40 per month. From that judgment, the defendant Mrs. F. J. Fincher has prosecuted this appeal, and in the appeal bond filed by her she styles herself a widow. Seaborn Fincher has not appealed.

The trial judge filed findings of fact and conclusions of law. He found that the proof showed a legal chain of title from the state of Texas down to the plaintiff, and that the same showed title in the plaintiff to the property described in his petition. Another finding was that the plaintiff, by proof introduced, established title to the property in controversy under and by virtue of the statutes of five and ten years' limitation.

&#x6bdf;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

He further found from the evidence that the defendants held possession of the property as plaintiff's tenants, having rented the same from the plaintiff at an agreed rental of $25 per month; that after paying such rentals as such tenants for some time the plaintiff advanced the rentals to $30 per month, which the defendants refused to pay, although able to do so; that upon such refusal plaintiff gave them notice to vacate the property, but his demand for such possession was refused,' and thereupon he instituted this suit. The court further found that the defendants had no title whatsoever to the property, and that their possession was solely as plaintiff's tenants.

[1] No statement of facts has been filed in this court, and it is a familiar rule that in the absence of a statement of facts the court's findings of fact are conclusive.

[2] This observation is a full answer to the first three assignments of error, presenting the contention, substantially, that. the proof failed to show that plaintiff owned title to the property. Furthermore, it is a familiar rule that a tenant is estopped to deny the title of his landlord, and in the absence of any proof of title in the plaintiff he was entitled to recover under the findings by the court that defendants held possession of the property solely as plaintiff's tenants. Juneman v. Franklin, 67 Tex. 411, 3 S. W. 562; Cobb v. Robertson, 99 Tex. 138, 86 S. W. 746, 87 S. W. 1148, 122 Am. St. Rep. 609; Tyler v. Davis, 61 Tex. 674.

By another assignment complaint is made of the judgment rendered against the sureties on 'the replevy bond for rentals at the rate of $40 per month from and after the date of the judgment until possession of the property is restored to the plaintiff, "because such judgment is excessive, improper, and unauthorized by either the law or evidence in this case."

Another assignment reads as follows:

"The court erred in rendering judgment against the defendants and the sureties on their replevy bond for the sum of $182.66 as accrued rents, and for the further sum of $40 to cover rents to accrue in the future, because said judgment is excessive, improper, and unauthorized, and unsupported by any evidence in this case, in that there was no evidence introduced upon the trial of this cause pending to support a just right for such an amount or amounts."

[3] In the first place, the sureties on the replevy bond have prosecuted no appeal from the judgment against them. Neither has Seaborn Fincher done so.

[4] In the second place judgment for rentals to accrue up to the time possession of property is delivered to the plaintiff was authorized by the very terms of the replevy bond and by the statutes providing for the character of judgment to be rendered on such a bond. See V. S. Tex. Civ. Stats. arts. 7106, 7107, 7108, and 7109.

In the third place, in the absence of a statement of facts, no attack can be made upon the finding by the trial judge that the rental value of the property was $40 per month.

The record shows that the appellant, Mrs. F. J. Fincher, in order to supersede the enforcement of the judgment of the trial court, executed and filed a supersedeas appeal bond with J. L. Poulter, B. .H. Dunn, and J. F. Luther as sureties thereon, which sureties were the same as the sureties on the replevy bond in the sum of $500, conditioned that said appellant shall perform any judgment rendered by this court and pay all such damages as this court may award against her, and in case the judgment of the trial court is affirmed she shall pay to the plaintiff in the trial court the value of the rent or hire of such property.

Accordingly, the judgment of the trial court against Seaborn Fincher, from which no appeal is prosecuted, is left undisturbed, but in all other respects it is affirmed, and the judgment rendered by the trial court for rentals is also here rendered against the appellant and the sureties on her supersedeas appeal bond, under and by virtue of the obligations of that bond, and said judgment shall include all costs incurred both in the trial court and in this court.

Affirmed.