## MORRIS et al. v. HALL.   (No. 1425.)

(Court of Civil Appeals of Texas. El Paso. Feb. 21, 1923. Rehearing Denied March 22, 1923.)

**1. Vendor and purchaser ⬤317—In action on purchase-money note, court's finding held not to show that land was public free school land.**

In vendor's action on a purchase-money note, on purchasers' contention that public free school lands are not subject to private contract, the court's finding that the land in question comprised a stated block and section number "of the public free school lands in Reeves county" *held* not a finding that these lands were not disposed of by the state, but simply a matter of description.

**2. Judgment ⬤203—Statement, reciting rendition of judgment and notice of appeal, held not a judgment.**

As against a contention that two judgments were entered in the same case, a statement, reciting that the court having heard the evidence rendered a judgment for a stated amount for plaintiff, whereupon defendants gave notice of appeal, etc., *held* not a judgment, but an order noting notice of appeal, etc.

**3. Appeal and error ⬤907(3)—In absence of a showing to contrary, presumed that there was evidence supporting finding.**

Where there is no statement of facts in the record, and hence nothing to show that there was no evidence on a stated point, trial court's finding on that point is conclusive; it being presumed that there was evidence to support the finding.

Error from District Court, Reeves County; Chas. Gibbs, Judge.

Action by G. T. Hall against C. F. Morris and another. Judgment for plaintiff, and defendants bring error. Affirmed.

R. N. Grisham, of Eastland, and Jno. B. Howard, of Pecos, for plaintiffs in error.

Morrison & Morrison, of Big Spring, for defendant in error.

HARPER, C. J. G. T. Hall brought this action against C. F. Morris and W. P. Everneart on a promissory note in the principal sum of $7,160 with interest at 8 per cent.

provides for attorney's fees, and alleged that it was given in part payment for certain sections of land described by section numbers and block number "of the public free school lands in Reeves county, Texas," and that a vendor's lien was retained on said land to secure its payment. The note is copied in full in the petition. Prayed for judgment for the amount, principal, and interest, of note and for attorney's fees and for foreclosure of lien. The defendants by answer say:

"At the time they made the note which plaintiff has declared upon in this suit * * * it was mutually understood and agreed."

The matters following are not important to any question presented by brief. Tried without a jury, and judgment entered for amount sued for with foreclosure of lien, etc. Upon writ of error it is here for review.

[1] The first proposition is that:

"Public free school lands are not subject to private contract, and the court having found that the lands were such could not be a consideration for the note sued on."

The finding of the court relied upon is:

"About February 28, 1922, plaintiff, G. T. Hall, agreed to sell to the defendants, C. F. Morris and William P. Everheart, sections Nos. 23, 26, 34, 35, 38, 47, and the west part of section No. 24, consisting of 240 acres of said section No. 24, all of block No. 57, of the public free school lands in Reeves county, Tex., and comprising 4,080 acres more or less, and said defendants agreed to purchase said lands from plaintiff."

That portion of this finding "of the public free school lands in Reeves county, Tex.," is not a finding of fact that these were lands not disposed of by the state, but simply a matter of description. There was no plea of failure of consideration for the note. Therefore there is nothing in the record to indicate that this question was before the court for determination.

[2] Proposition 2:

"The rendition of two judgments in the same case is inhibited by law."

The facts are that a judgment for plaintiff, regular in form, was rendered, as indicated in the statement of the case, May 29, 1922, and upon the same day the following was entered:

"This day this cause came on to be heard for trial, and plaintiff and defendants appeared in person and by counsel, and the court, having heard the evidence, rendered judgment in the sum of $8,872.90, in favor of plaintiff, and whereupon defendants * * * then and there duly excepted * * * and gave notice of appeal, etc., to * * * and they are here and now allowed 30 days * * * after adjourn-

---

ment * * * to file bills of exceptions and statement of facts."

It is clear that the latter is not a judgment, but an order noting notice of appeal and granting time to file bills, etc.

[3] The third, fourth, and fifth are to the effect that a finding by the court which does not show the introduction of the note and the deed retraining a lien without a further finding that such note and deed were introduced in evidence are not sufficient to authorize a judgment. There is nothing in this record to show that they were not in evidence, there is no statement of facts in the record, and in the absence thereof the findings are conclusive upon appeal. That there was evidence is presumed. Fincher v. Wood (Tex. Civ. App.) 223 S. W. 868.

Besides the defendants admitted such facts in their pleadings.

Finding no error, the cause is affirmed.