**DILWORTH et al. v. BUCHANAN. (No. 44.)***

(Court of Civil Appeals of Texas. Waco. Feb. 28, 1924. Rehearing Denied April 3, 1924.)

1. **Evidence** ⬉460(6)—**Rule stated as to admissibility of parol evidence to vary description of deed.**

Where description in a deed is definite and certain and there is no conflict in its calls to justify disregard of descriptive particulars and effort to apply description to the ground gives rise to no ambiguity, parol testimony is not admissible to vary the description.

2. **Evidence** ⬉460(6) — **Ambiguity arising from attempt to apply description in deed to ground resolvable by parol evidence.**

Where one or more of the calls in a deed are found to be incorrect on attempt to apply the field notes to the ground parol evidence is admissible to show which calls are the true ones.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 21, 1924.

**3. Boundaries ⊜⟹3(3)—Course and distance give way to natural objects.**

Course and distance give way to natural objects when same can be located.

**4. Appeal and error ⊜⟹1001(1) — Finding of jury on fact issue as to location held binding.**

In boundary dispute where description in the deed was such that parol testimony was admissible to show where the real beginning corner was located, and testimony raised the issue as to whether the natural object found by defendant's surveyor was the one intended or the correct corner had been located by plaintiff by course and distance, finding of jury on such fact question was binding.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Trespass to try title by T. M. Dilworth and others against O. M. Buchanan, the Stone heirs, and others. Judgment for defendant Buchanan, and plaintiffs and the Stone heirs appeal. Affirmed.

Sleeper, Boynton & Kendall and D. A. Kelley, all of Waco, for appellants.

Bryan & Maxwell and R. O. Stotter, all of Waco, for appellee.

BARCUS, J. Appellants Dilworth brought suit in trespass to try title against the appellants Stone heirs, the appellee O. M. Buchanan, and the unknown heirs of Beatty, for 20 acres of land in McLennan county out of the Lee R. Davis survey; the Dilworths claiming title by ten years' limitation. The Stone heirs claimed title as heirs of William Stone, deceased. Appellee Buchanan claimed title by chain of deeds from the state, and also by limitation. The other parties made no answer.

The cause was submitted to a jury. The jury found that the Dilworths had not had peaceable, adverse possession of the property for 10 years. It found that Buchanan had been in peaceable, adverse possession for more than 10 years, and that the deed conveying the property to his father, Nathan J. Buchanan, in 1868, embraced the land in controversy. The court entered judgment awarding the land to appellee Buchanan, from which the Dilworths and Stone heirs have appealed and have filed separate briefs.

There are a number of assignments of error and a voluminous statement of facts. The controlling question in the case, however, is as to whether the deeds from William Stone to John Stone, dated November 12, 1861, and from John Stone to S. P. Mills, dated September 22, 1868, and from S. P. Mills to Nathan J. Buchanan, the father of appellee, dated October 7, 1868, embraced the land in controversy. The description in each of said deeds was as follows:

"In McLennan county, Texas, and described as follows: 20 acres of cedar land, part of L. R. Davis Donation, begin at stake 154 vrs. S. 60° W. from the northeast corner of a 20-acre tract owned by David Beatty, from which a live oak marked 'S' 12 in. dia. brs. N. 13½° E. 9⁴/₁₀ vrs.; thence N. 30° W. 888 vrs. to a stake for northeast corner, from which a live oak 12 in. dia. 'A' brs. S. 16° W. 9 vrs; thence S. 60° W. 127 vrs. to stake for northwest corner; thence S. 30° E. 888 vrs. to stake in Beatty's north line; thence N. 60° E. 127 vrs. to beginning."

The only title appellants Dilworth claimed was that of limitation. This issue was submitted to the jury, and the jury found that they had not been in peaceable, adverse possession for 10 years next preceding the filing of the suit. The evidence raised this issue, and, the jury having found adversely to appellants, same is binding on this court.

The difficulty in locating the 20 acres above described is in locating the beginning point. There are two locative descriptions, one 154 vrs. S. 60° W. from the northeast corner of the Beatty tract; the other a live oak tree which was 12 inches in diameter in the "sixties" at the time the deeds were made. Under the testimony the only way the northeast corner of the Beatty tract could be located was to locate several other tracts, the Beatty tract beginning at the southwest corner of the Hubby tract, and the Hubby deed states that there are no natural or artificial bearings by which the southwest corner can be located, said corner being located by the calls and distance, from other corners. Under the testimony, no attempt had been made to definitely locate the northeast corner of the Beatty tract until this suit was filed. Mr. Freeman, a surveyor for appellants Dilworth, made a survey of the property, and according to his survey the description called for in the deed to Buchanan did not embrace any of the land in controversy, but embraced a 20-acre tract adjoining the land in controversy on the west. He made his survey by locating first what he considered the northeast corner of the Beatty tract and then went 154 vrs. S. 60° W. for the southeast corner of the land which he claims is described in the deed. Mr. Freeman stated that he was not able to find the live oak tree called for in the deed near the southeast corner of the land. Mr. Goddard, the county surveyor of McLennan county, made a survey for appellee Buchanan. He began his survey at the known northwest corner of the Hubby tract, out of which the land in controversy comes, and by reverse calls located what he claims to be the southeast corner of the land called for in the deed, and according to his testimony he located the original bearing live oak tree in the exact place called for in the Buchanan deed. If his survey is correct, then the Buchanan deed sufficiently described the land in controversy.

Appellants contend that the call "154 vrs. S. 60° W. from the northeast corner of the

(260 S.W.)

Beatty tract" is a fixed, definite, binding call, and that it is imperative that the southeast corner of the Buchanan land must begin at said place; and appellants contend that all of the testimony seeking or tending to show that the beginning corner as called for in said deed was at any other place was irrelevant, immaterial, and inadmissible. On the other hand, the appellee Buchanan contends that the call of "154 vrs. S. 60° W. from the northeast corner of the Beatty tract" is indefinite and uncertain because the northeast corner of the Beatty tract had never been located; and, further, that, if the northeast corner is where the surveyor Freeman claims, then the distance call is error and the live oak tree near the southeast corner of the land, which has stood there all these years, would be superior to the call for course and distance, and that the natural object, to wit, the tree, would govern for the beginning corner, rather than course and distance.

[1, 2] In Davis v. George, 104 Tex. 106, 134 S. W. 326, it is stated that where the description is definite and certain in a deed, and where there is no conflict in its calls to justify the disregard of descriptive particulars, and where the effort to apply the description to the ground does not give rise to any ambiguity, then parol testimony is not admissible to vary the clear provisions of the deed as to description. On the other hand, in Texas Pacific Coal & Oil Co. v. Crabb, 249 S. W. 835, the Commission of Appeals in discussing the question said:

"Field notes in a deed may not be ambiguous upon the face of the instrument, but when it is attempted to apply them to the land, some one or more of the calls may be found incorrect, and in such case 'parol evidence which throws light upon which call is true and which call is false is admissible.' Wilson v. Giraud (Tex. Sup.) 231 S. W. 1078. In order to properly dispose of this phase of the case, it is only necessary to apply the well-known rule in boundary cases, that where a corner of a tract of land, called for in the field notes, is found and identified upon the ground, the same will control over course and distance, and the lines and corners will not be limited by the call for distance."

[3] The two authorities above present the true rule for determining boundary questions. In Luckett v. Scruggs, 73 Tex. 519, 11 S. W. 529, the Supreme Court in substance stated that, in determining boundary questions, ordinarily calls for natural objects come first, calls for artificial objects second, and course and distance third. It has always been the rule that course and distance will give way to natural objects when same can be located. Southwestern Settlement & Development Co. v. Stanburg (Tex. Civ. App.) 248 S. W. 108; Johnson v. Archibald, 78 Tex. 96, 14 S. W. 266, 22 Am. St. Rep. 27.

[4] If Mr. Goddard, the county surveyor, was able to and did locate the live oak tree near the southeast corner of the tract of land, and the testimony justified the jury in so believing, then the deed to Nathan Buchanan, the father of appellee, embraced the property in controversy, and appellee would be entitled to same by virtue thereof. The description in the deed is such that parol testimony was admissible to show where the real beginning corner of said land was. The two calls in the deed, one of course and distance and the other for the natural object, to wit, the live oak tree, did not correspond, provided the surveyor correctly located the northeast corner of the Beatty land, and when the surveyors went to locate the land they were compelled to disregard either the course and distance call or the live oak tree. There was testimony raising the issue as to whether the tree found by Mr. Goddard was the one intended, and as to whether the correct corner of the Beatty land had been properly located by Mr. Freeman. These were questions of fact to be determined by a jury, and the jury by their findings have settled same, and this court is not authorized to disturb said finding, same being supported by the evidence.

The jury not only found that the field notes in the deed to Nathan Buchanan in 1868 embraced the identical property in controversy, but also found that appellee had been in adverse, peaceable possession thereof for more than 10 years before the filing of the suit. The appellee testified that he and his father had been paying taxes on the land since 1868 and had been using same and had been in possession thereof during said time, and that at the time his father purchased the land Mr. Mills, from whom he purchased, and John Stone, from whom Mr. Mills purchased, were present and pointed out the tree at the southeast corner of the land, and put his father into actual possession of the land.

We have carefully examined all of the assignments of error presented by each of appellants, and do not think any of them show reversible error.

The judgment of the trial court is affirmed.