JOHN HANCOCK MUT. LIFE INS. CO. v.
FARIES.

No. 1961.

Court of Civil Appeals of Texas. Waco.

Jan. 6, 1938.

Rehearing Denied Jan. 27, 1938.

George A. Titterington, of Dallas, for appellant.

Horton B. Porter, of Hillsboro, for appellee.

ALEXANDER, Justice.

This action was brought by W. A. Faries against John Hancock Mutual Life Insurance Company in trespass to try title to recover 6½ acres of land in the Berry Ivy survey in Hill county. A statement of the surrounding circumstances is necessary to a proper understanding of the case. In 1925 Joe M. Faries, W. A. Faries, Howell D. Faries, and others were the joint owners of a tract of approximately 225 acres of land in the Berry Ivy survey in Hill county.

They partitioned the same among the three above-named jointed owners by partition deeds as follows:

To Joe M. Faries they deeded the following tract:

A part of the Berry Ivy survey, abstract No. 462, in Hill county, Tex., the portion hereby conveyed is more particularly described as follows:

Beginning at the northwest corner of said Berry Ivy survey; thence north 60 east 670 vrs. to the northeast corner of this tract, being the northwest corner of a tract conveyed to William A. Faries; thence south 30 east 537 vrs. to the southeast corner of this tract, being the southwest corner of said William A. Faries tract, in the north line of Howell D. Faries tract; thence south 60 west 670 vrs. to the southwest corner of this tract, the northwest corner of said Howell D. Faries tract, in the west line of said survey; thence north 30 west 537 varas to the place of beginning, containing 63.5 acres of land.

To W. A. Faries they deeded the following tract:

A part of the Berry Ivy survey, abstract No. 462, in Hill county, Tex., the portion hereby conveyed being more particularly described as follows:

Beginning at the northeast corner of said survey; thence south 30 east 537 vrs. to stake, the southeast corner of this tract and the northeast corner of a tract deeded to Howell D. Faries; thence south 60 west 776.5 vrs. to a stake, the southwest corner of this tract and the southeast corner of the tract deeded to Joe M. Faries, and in the north line of said Howell D. Faries tract; thence north 30 west 537 vrs. to a stake in the north line of said survey, the northwest corner of this tract and the northeast corner of said Joe M. Faries tract; thence north 60 east 776.5 vrs. to the beginning, containing 73.5 acres of land.

And to Howell D. Faries they deeded the following tract:

A part of the Berry Ivy survey, abstract No. 462, in Hill county, Tex., the portion hereby conveyed being more particularly described as follows:

Beginning at a point in the east line of said survey, south 30 east 537 vrs. from the northeast corner of said survey, and being the southeast corner of the tract deeded to William A. Faries; thence south 30 east 244.4 vrs. to a stake in the north line of the tract deeded to Osa Faries;

thence south 60 west 438.6 vrs. to the northwest corner of the Osa Faries tract, being an ell corner of this tract; thence south 30 east 62 vrs. to the northeast corner of a tract deeded to John B. Faries; thence south 60 west 1008 vrs. to the northwest corner of said John B. Faries tract, in the west line of said Berry Ivy survey; thence north 30 west 306.4 vrs. to a stake in said west line, the northwest corner of this tract and the southwest corner of a tract deeded to Joe M. Faries; thence north 60 east 1446.5 vrs. to the beginning, containing 73½ acres.

Thereafter, W. A. Faries executed and delivered to John Hancock Mutual Life Insurance Company a deed of trust on the tract so set aside to him under said partition agreement, describing the same with the same field notes as here contained in the partition deed and referring to it as the same tract that had been so deeded to him. John Hancock Mutual Life Insurance Company afterwards foreclosed its deed of trust and bought the land in at the trustee's sale. As a matter of fact, the tract set aside to W. A. Faries in the partition contained 80.18 acres instead of 73.5 acres, as called for in the partition deed, and the north and south lines thereof were 851 varas long instead of 776.5 varas as called for in the partition deed. W. A. Faries brought this suit to recover 6½ acres of land off of the west end of the tract so set aside by him in the partition agreement, claiming that the same was not covered by the deed of trust to the loan company. The loan company reconvened and sought to recover the entire tract of 80.18 acres previously claimed by W. A. Faries. The trial court awarded recovery to the plaintiff to the 6½ acres claimed by him and allowed the land company to recover only the 73.5 acres off of the east end of the tract. The loan company appealed.

■ It is apparent that the material question to be determined is whether the deed of trust to the loan company covered the entire 80.18 acres of land set aside to W. A. Faries in the partition, and this depends on which shall control, the call for distance and quantity or the call for Joe M. Faries' southeast corner and northeast corner as marking the west boundary line of the W. A. Faries' tract, for if the calls for distance and quantity are to control, the deed of trust calling for only 73.5 acres and field notes were sufficient to cover only that number of acres; whereas, if the calls for Joe M. Faries' southeast corner and northeast corner as marking the west boundary line of the W. A. Faries' tract are to control, then the deed of trust was sufficient to include all that portion of the original tract previously owned by the Faries' heirs and lying north of the tract set aside to Howell D. Faries and east of the tract set aside to Joe M. Faries and therefore included the 6½ acres in question.

The question here under consideration appears to have been definitely settled contrary to appellee's contention by numerous decisions of our Supreme Court. It is a well-established rule in this state that, where in a conveyance there is a conflict between the calls for distance and quantity and a call for a natural or artificial object, the former must yield to the latter in the absence of extraneous evidence showing a contrary intention. 7 Tex.Jur. 159. In this instance, the deed of trust executed by W. A. Faries to the loan company called for the southeast corner and the northeast corner of the Joe M. Faries' tract as marking the corners of the west boundary line of the tract of land intended to be covered by the deed of trust. The location of these artificial objects could be definitely located by following the field notes given in the deed executed to Joe M. Faries. Therefore, the calls for quantity as contained in said deed of trust and the calls for the length of the north and south lines of said tract must yield to the calls for the corners of the Joe M. Faries' tract, and, as a consequence, the deed of trust must be held to have included all land in said original tract north of the Howell D. Faries' tract and east of the Joe M. Faries' tract. 7 Tex.Jur. 175, 179; Buford v. Gray, 51 Tex. 331; Luckett v. Scruggs, 73 Tex. 519, 11 S.W. 529; Thatcher v. Matthews, 101 Tex. 122, 105 S.W. 317; Mosley v. Edds, Tex. Civ.App., 80 S.W.2d 401. Appellee, himself, appears to have placed the same construction on these field notes bcause they are the same as the field notes contained in the partition agreement and under that partition agreement he took possession of all of the land north of the Howell D. Faries' tract and east of the Joe M. Faries' tract.

■ It also appears without dispute that after the loan company had foreclosed under its deed of trust, W. A. Faries leased the entire tract of land from the loan company and attorned to it as landlord. Under

these circumstances, he was in no position to dispute the title of the landlord to the land so leased by him. 27 Tex.Jur. 71; Tyler v. Davis, 61 Tex. 674; Richardson v. Houston Oil Co., Tex.Civ.App., 176 S.W. 628.

That part of the judgment allowing the plaintiff to recover the title and possession of the 6½ acres in question is reversed and judgment is here rendered for the loan company for the same. The judgment in all other respects is affirmed.