Gordon BATEN et al., Appellants,

v.

Gary R. PRICE, Appellee.

No. 4578.

Court of Civil Appeals of Texas, Eastland.

Dec. 21, 1972.

**932**

Gordon Baten, Beaumont, for appellants.

Roseborough & Curlee, Larry Roseborough, Dallas, Gary R. Price, Brownwood, for appellee.

McCLOUD, Chief Justice.

This is a trespass to try title suit. Plaintiff, Gary R. Price, sued defendants, Gordon Baten, Floy Baten and Della Gwathmey, seeking title and possession of Block 32 of Brownwood Proper, an addition to the City of Brownwood, Brown County, Texas. The jury found that plaintiff, or those under whom he claimed, had been in peaceable and adverse possession of Block 32 for more than ten years prior to the filing of suit in 1969. The jury further found that the ten year period commenced in 1953. The court entered judgment for Price and defendants, Gordon Baten, Floy Baten and Della Gwathmey have appealed. We affirm.

Defendants contend that there is no evidence to support the jury findings in favor of Price; the evidence is factually insufficient; and, the findings are against the great weight and preponderance of the evidence.

■ The thrust of defendants' argument is that J. F. Williamson, Price's predecessor in title, recognized in 1939 that defendant, Della Gwathmey, owned Block 32, and that Williamson at that time started paying Gwathmey rent for the use of Block 32. Defendants say that such rent payments were made until the property was conveyed to Price in 1969. They urge the applicability of the general rule that a tenant may not dispute his landlord's title. Tyler v. Davis, 61 Tex. 674 (1884).

■ The record contains evidence that Williamson first started using Block 32 in 1928. He testified that he had possession of the property for over 40 years. It was used in connection with his wrecking yard and junk yard business. He paid taxes to the County on Block 32 for several years, and at one time he talked to his lawyer about getting a "Court's title". Williamson testified that in 1939 he started paying defendant, Della Gwathmey, rent for the use of Block 33, which was adjacent to Block 32, but that he never paid her anything for the use of Block 32. There is evidence that from 1953 to 1969 iron and wrecked cars were continuously stored on Block 32. We find no evidence that Price's predecessors in title ever paid any rent to any person for the use of Block 32.

■ We hold that there is some evidence to support the jury findings in favor of Price. Also, we have examined the entire record and hold that the evidence is not factually insufficient to support such findings and such findings are not against the great weight and preponderance of the evidence. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (Tex.Sup.1951).

We have considered all points of error and all are overruled. The judgment is affirmed.